## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      **SLABBED NEW MEDIA, LLC**           **CHAPTER 11**
              **Debtor**                        **CASE NO. 15-50963-KMS**

# DISCLOSURE STATEMENT

## INTRODUCTION

Slabbed New Media, LLC (the "Debtor" or the "Debtor-in-Possession") filed a Voluntary Petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Mississippi on June 16, 2015 (the "Petition Date").

The Debtor provides this Disclosure Statement to all of the known creditors in this case in order to disclose information deemed by the Debtor to be material, important and necessary for the creditors to arrive at a reasonably informed decision in exercising rights to vote for acceptance of the Plan of Reorganization (the "Plan") filed contemporaneously herewith.

This Disclosure Statement has been prepared by, and is submitted by and on behalf of, the Debtor. The Disclosure Statement must be approved by the Court, after notice and a hearing, prior to solicitation of acceptances for the Plan.

The information contained in this Disclosure Statement is made as of the date hereof, unless another time is specified. Neither the delivery of this Disclosure Statement, nor any exchange of rights and information made in connection herewith, nor any act in reliance hereon, should create under any circumstances an implication that there has not been a change in the facts underlying the statements set forth herein.

1

No representations concerning the Debtor, the extent of its liabilities, the value of its properties and assets, or the value of any distributions offered to Holders of Claims or Investor Interests in connection with the Plan, are authorized except as specifically denominated in this Disclosure Statement.

This Disclosure Statement may not be relied on for any purpose other than to determine how to vote on the Plan, and nothing contained herein will constitute an admission of any fact or liability, or be admissible in any proceeding involving the Debtor or any other party, or be deemed to be advice on the tax or other legal effects of the Plan.

## EXPLANATION OF CHAPTER 11 AND PLAN CONFIRMATION

Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. The formulation and confirmation of a reorganization plan are the primary goals of a Chapter 11 case. A reorganization plan is the vehicle for satisfying, to the extent possible, the Claims against and Interests in the Debtor.

Holders of Claims and Interests whose Claims or Interests are impaired by the Plan are afforded the opportunity to vote to accept or reject the Plan. A Class of Claims or Interests is impaired if the Claims or Interests constituting that Class are not paid in full or if the Claims or Interests are affected by the Plan. The Bankruptcy Court will determine whether the impaired Classes have accepted the Plan by determining whether sufficient acceptances have been received from the Holders of Claims in such Classes. An impaired class of Claims will be determined to have accepted the Plan if the Holders of Allowed Claims in that Class casting votes in favor of the Plan (I) hold at least two-thirds in amount of the Allowed Claims of the Holders in such Class who

2

actually vote on the Plan and (ii) comprise more than one-half the number of Holders of the Allowed Claims in such Class who actually vote on the Plan.

The vote of the Class binds all members of the Class. Thus, if a Class votes to accept the Plan, the provisions of the Bankruptcy Code designed to protect rejecting Classes cannot be invoked even by members of that Class who voted to reject the Plan. Conversely, if a Class rejects the Plan, the member of such Class who voted to accept the Plan will be deprived of the benefits of the Plan if not confirmed. Each subclass is treated as a separate Class for voting purposes.

The Bankruptcy Code does not require that every Class of Claims and Interests vote in favor of the Plan. The Plan, however, must be accepted by at least one Class of Holders of Claims or Interests impaired under the Plan. The Bankruptcy Court may confirm the Plan notwithstanding the rejection of the Plan by one or more Classes of Claims or Interests in what is inelegantly referred to as a "cram-down." The criteria under which the Bankruptcy Court may Confirm the Plan over the objection of one or more Classes of Claims or Interests are set forth in Section 1129(b) of the Bankruptcy Code and, among other requirements, include the requirement that the Bankruptcy Court find, with respect to each Class that does not accept the Plan, that the Plan does not discriminate unfairly against such Class, that the Plan is fair and equitable as to such Class, and that the value or benefits to be distributed to the members of such Class will not be less than the members of that Class would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The treatment proposed by the Debtor for certain Holders of Claims not accepting the Plan is detailed in another Article of the Plan.

The Debtor believes that the Plan as proposed satisfies all of the statutory requirements imposed by Section 1129 of the Bankruptcy Code. Any objections to the Plan filed and prosecuted

3

by a party in interest, however, may prevent or delay Confirmation if the Court allows the objection, or appeals of a denial of an objection are pursued.

## ARTICLE I

## DEFINITIONS

Unless otherwise defined, the capitalized terms contained in this Disclosure Statement shall have the same meanings as described in the Plan. All capitalized terms used in this Disclosure Statement not defined herein or in the Plan, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in this Disclosure Statement, in the Plan or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

1.     **"Allowed Claim"** means, as against the Debtor:

    (a)     A Claim that has been allowed by final Order of the Bankruptcy Court, or

    (b)     A Claim (I) scheduled as liquidated, undisputed and non-contingent by the Debtor in their Schedules as they may be restated, amended or supplemented, or (ii) timely filed with the Clerk of the Bankruptcy Court against which either there has been no objection made to the allowance thereof within the period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or a Final Order of the Bankruptcy Court, or which has been allowed in whole or in part by a final Order of the Bankruptcy Court after either an objection to the Claim or an amendment of the Schedules.

4

2.      **"Allowed Secured Claim"** means the Allowed Claim of a Secured Creditor to the extent that it is secured by a lien on property in which the Debtor has an interest as provided in Sections 506(a) and (b) of the Bankruptcy Code.

3.      **"Bankruptcy Code"** or **"Code"** means Title 11 of the United States Code, as amended and effective in the Southern District of Mississippi on the Petition Date and includes, where applicable, the Bankruptcy Rules then in effect.

4.      **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Southern District of Mississippi exercising jurisdiction over this Chapter 11 reorganization case and any and all proceedings therein.

5.      **"Claim"** is defined in Bankruptcy Code Section 101 (4).

6.      **"Closing"** means the consummation of the transactions contemplated by the Plan.

7.      **"Confirmation"** means the date the Court enters an order confirming this Plan.

8.      **"Creditor"** is defined in Bankruptcy Code Section 101 (9).

9.      **"Debtor"** or **"Debtor-in-Possession"** means Slabbed New Media, LLC.

10.     **"Effective Date of the Plan,"** or **"Effective Date,"** means entry of an Order Confirming Plan of Reorganization in this Chapter 11 case that becomes final and non-appealable.

11.     **"Final Order"** means any order of the Court which is no longer subject to appeal or review.

12.     **"Fully Secured Creditor"** means any Secured Creditor designated as such in the Disclosure Statement whose Allowed Claim is less than the value of the collateral securing its Claim.

5

13.    **"Partially Secured Creditor"** means any Secured Creditor designated as such in this Disclosure Statement whose Allowed Claim is greater than the value of the collateral securing its Claim.

14.    **"Petition Date"** means the date of the filing of the Debtor's petition which was June 16, 2015.

15.    **"Plan"** means a Plan of Reorganization filed by the Debtor and as it may be modified, reinstated and amended from time to time.

16.    **"Pro-Rata"** means the same proportion that a Claim or an Allowed Claim in a particular Class bears to the aggregate amount of all Claims or Allowed Claims in said Class.

17.    **"Reorganized Debtor" or "Debtor-in-Possession"** means the Debtor and this Chapter 11 case after Confirmation and Closing.

18.    **"Schedules"** means the Statement of Financial Affairs and the Schedules of debts and assets filed by the Debtor with the Bankruptcy Court in this Case, as amended, reinstated or supplemented from time to time.

19.    **"Secured Creditor"** means those Creditors which possess valid and perfected liens against any assets of the Debtor, including, but not limited to, fully Secured Creditors and Partially Secured Creditors.

20.    **"Unsecured Claim"** means an Allowed Claim for which no property of the Debtor or the Debtor' estate serves as security or collateral.

21.    **"Unsecured Creditor"** means a person, corporation, partnership or other entity that holds an Unsecured Claim against the Debtor.

## ARTICLE  II

## DESCRIPTION OF THE DEBTOR

### A.    History and Background

Slabbed New Media, LLC ("Slabbed")  was founded as a single member LLC on April 11, 2011 with its principle asset being the interactive website located at the URI www.slabbed.org. Slabbed New Media LLC is the successor owner of the website that was originally owned by hobbyists in a common law partnership devoted to covering the insurance litigation in the aftermath of Hurricane Katrina. The website gained a small measure of national recognition covering this topic including recognition in the book Delay, Deny Defend by Law Professor Jay Feinman of Rutgers University.

By the end of the 2010 calendar year the Deep Horizon Oil Well blowout at the Macondo Prospect in the Gulf of Mexico had contaminated the northern Gulf Coast with massive amounts of oil while a massive political corruption scandal engulfed Jefferson Parish Louisiana.  The team coverage of these events on the slabbed.org website resulted in both regional and national recognition.

Since its formation Slabbed has covered numerous topics from the zany and insane antics of a highly connected local lawyer and a transvestite in a sexual tryst gone bad to the saga of a local lawyer/media personality that unsuccessfully tried to proposition a New Orleans cabbie who ended up filing false criminal charges against the cabbie in retaliation.  Slabbed New Media's coverage of the resulting criminal prosecutions, first of the cabbie who was later exonerated, and then the media personality that would later plead to misdemeanor charges related to the incident literally lead the local media and at one point, after recognition by famous national radio Disc Jockey "Bubba the

7

Love Sponge", would see a surge in site traffic sufficient to temporarily overwhelm the website's IT infrastructure. Slabbed New Media's coverage of more serious matters including the massive scandal at the Mississippi Department of Marine Resources would not only garner state wide recognition but also directly lead to at least one of the resulting criminal prosecutions. More recently, Slabbed New Media's continuing coverage of the fiscal insolvency of the City of Bay St Louis has gained statewide recognition including from the Office of the State Auditor and the office of Mississippi Governor Phil Bryant.

In August 2011, after receiving several anonymous threats warning Slabbed to cease covering the systemic corruption in the office of former Jefferson Parish Louisiana President Aaron Broussard, Broussard's business partners at Trout Point Lodge located in Nova Scotia would file a defamation suit against the owner of the Limited Liability Company's website, Douglas Handshoe in a practice known as libel tourism. Broussard's business partners at the Lodge, Daniel Abel, Vaughn Perret and Charles Leary sued a total of three United States media outlets covering this metro New Orleans based scandal in Nova Scotia in order to conceal both their and Broussard's participation in a bribery and money laundering scheme. The resulting default judgment in the first suit against the owner of Slabbed New Media, LLC was denied comity under the SPEECH Act of 2010, in a case of first impressions that was heard and decided by the United States District Court for the Southern District of Mississippi. The Trout Point Libel Tourists were ordered to pay the legal fees of the owner of Slabbed New Media, LLC under the SPEECH Act.

Enraged at losing in United States District Court and with nothing further to lose after the unraveling of Broussard's and Trout Point's "Nova Scotia Enterprises" bribery and money laundering enterprise, the Trout Point Plaintiffs would file a total of five additional lawsuits, two in

8

Nova Scotia Canada and three in Louisiana against both the owner of Slabbed New Media, LLC, and/or the LLC itself.  In addition to those five suits, two of which have joined virtually every lawyer that had previously represented Slabbed New Media or the owner of Slabbed New Media, LLC, the Trout Point litigants additionally sued Slabbed New Media, LLC owner's lawyer from the SPEECH Act case in Nova Scotia as well as their own lawyer from the SPEECH Act case, Henry Laird, in New Orleans, Louisiana.  These vexatious litigants and the numerous lawsuits were specifically designed to "sue Slabbed into bankruptcy", a course of action which they demonstrably have succeeded as Slabbed New Media, LLC filed for Chapter 11 Bankruptcy protection on June 16, 2015.

Slabbed has continued to operate since as debtor in possession continuing its coverage of its current main topics of the meltdown of the Singing River Health System pension plan and the insolvency of the City of Bay St Louis.

**B.     Significant Events During the Reorganization.**

A copy of the docket report in this case obtained from PACER is attached hereto and incorporated herein by reference as **Exhibit "A"**.  The Debtor is current on all post-petition obligations.

**C.     Assets of the Debtor**

The Debtor's assets, at the time of the filing of the case, are reflected on Schedules A and B, copies of which are attached hereto and incorporated herein by reference as collective **Exhibit "B"**.

The Debtor owns all "avoidance" and "turnover" causes of action granted to a Trustee or Debtor-in-Possession by the Bankruptcy Code, including, but without limitation, all preferential transfers, fraudulent conveyances and post-petition avoidance causes of action.  Additionally, the

Debtor owns those causes of action discussed in Article IV, Class (3), infra. The Debtor is still investigating whether any other causes of action exist, and to the extent that these causes of action may exist in favor of the Debtor, the Debtor will pursue same and these claims and causes of action will be pursued post-confirmation. The Court will retain jurisdiction of any post-confirmation causes of action which may be pursued.

### D.      Liabilities of the Debtor

The Debtor's secured and unsecured liabilities are reflected in Schedules D, E and F copies of which are attached hereto and incorporated herein by reference as collective **Exhibit "C"**.

## ARTICLE III

## DESCRIPTION OF THE PLAN

### A.      Introduction

The Plan is a legally binding document which imposes its terms on all Creditors. Once the Plan is confirmed by the Bankruptcy Court, all parties affected by the Plan have their rights altered as provided in the Plan. The following is a brief summary of the material provisions of the Plan.

### B.      Concept of the Plan

As mentioned above in the history and background of the Debtor, there are claims of the Debtor to be pursued on its behalf. The *Yount vs. Handshoe* case will likely be removed and pursued in this Court for the determination of the existing claims, and the claims involving Daniel Abel will likely be resolved by the bankruptcy Court as well. At this time, it is the Debtor's plan to recapitalize the company and resolve its debt before exiting bankruptcy.

### C.     Classification and Treatment of Claims and Interests

The Plan divides the Claims against and Interests in the Debtor into various Classes pursuant to Bankruptcy Code Section 1122. Set forth below is a description of the general Classes of Claims against and Interests in the Debtor and their treatment under the Plan. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of the Class and is classified in a different Class to the extent that the Claim or Interest qualifies within the description of that different Class.

**Class 1:**     **Administrative Claims**

**Class 2:**     **Priority Claims**

**Class 3:**     **General, Unsecured Claims**

**Class 4:**     **Equity Interest**

### ARTICLE IV

### TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article III shall be satisfied as follows:

**Class 1:**     **Administrative Claims**

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code. The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court. The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

11

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

**Class 2:** **Priority Claims**

Priority claims, if any, will be paid within sixty (60) months from the date of the filing of the petition herein.

**Class3:** **General, Unsecured Creditors**

The unsecured creditors in this case will receive the net sales proceeds after payment of administrative and priority claims.

**Class 4:** **Equity Interest**

The existing equity security interest holder will maintain and retain his equity security interests in and to the Debtor.

## ARTICLE V

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, each executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation with the approval of the Court shall be deemed rejected. Claims created by the rejection of any executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order Confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor. All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under the Plan as General, Unsecured Claims (Class 3) under the Plan. All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.

## ARTICLE VI

## MODIFICATION OF THE PLAN

The Debtor may amend or modify the Plan at any time prior to the entry of an Order Confirming the Plan without the approval of the Court. Subsequent to the entry of the Confirmation Order, the Debtor may modify the Plan before substantial consummation of the Plan with the approval of the Court.

13

## ARTICLE VII

## WITHDRAWAL OF THE PLAN

The Debtor reserves the right to revoke and withdraw the Plan as the plan of reorganization for the Chapter 11 case, at any time prior to the Confirmation Date if conditions set forth in the Plan cannot be satisfied for any reason after the Confirmation Date, at any time up to the Effective Date. If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void.

## ARTICLE VIII

## RETENTION OF JURISDICTION

Subsequent to Confirmation of the Plan, the Court will retain jurisdiction to hear and determine all Claims against the Debtor and to hear and to enforce all causes of action which exist on behalf the Debtor, including, without limitation, all turnover and avoidance causes of action granted to the Debtor and that will be owned and possibly pursued by the Debtor, post-confirmation under the Bankruptcy Code. The Court will also retain jurisdiction to construe and apply the provisions of the Plan, including the administration and implementation of the Plan, to enter orders in aid of consummation of the Plan, to effectuate the abandonment of assets, if necessary, to issue any orders in connection with the Plan in these proceedings, to hear and decide applications for compensation and reimbursement of expenses, to resolve objections to Claims, adversary proceedings, and matters pending independently of the Plan and to close the Chapter 11 case.

## ARTICLE IX

## LIQUIDATION ANALYSIS & FEASIBILITY

A.      **Feasibility of the Plan**

The Debtor believes it can continue to run its website covering various current topics of the day, as well as continue its aforementioned litigation in Canada and Louisiana in an effort to recover monetary damages so that it can pay its current debt.

**Liquidation Analysis**

Section 1129 of the Bankruptcy Code provides that the Court may confirm the Plan only if certain requirements are met. One of these requirements is that each non-accepting Holder of an Allowed Claim must receive or retain under the Plan, on account of such Claim, property as of the Effective Date of the Plan at least equal to the value such Holder would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date.

For the purposes of the following discussion, it is assumed that a Chapter 7 trustee would seek to maximize the value of the Debtor's estate by attempting to sell the assets of the Debtor. However, the Debtor believes that the circumstances surrounding liquidation under Chapter 7 would lead to selling conditions which would substantially detract from the total value returned to the Debtor's estate. Further, there is no assurance that a Chapter 7 trustee will sell the assets, which would cause a forced liquidation at even more depressed prices. The following are some, but not all, of the consequences the Debtor believes would result from Chapter 7 liquidation:

1.  Substantial Chapter 7 administrative costs relating to professional fees, broker commissions, sales commissions and other associated expenses would occur.

2.  The sale of the Debtor's assets under the time pressures and adverse publicity related to Chapter 7 liquidation would create a difficult, if not impossible, selling environment and would result in a transaction consummated as a substantial discount to fair market price.

15

3. Adverse tax consequences may further reduce the value returned to the estate from a sale of the Debtor's assets. An asset sale pursuant to Chapter 7 liquidation could potentially result in adverse federal income tax consequences to the estate.

4. A Chapter 7 trustee will be unfamiliar with the Debtor's assets at the time of his/her appointment and is not likely to be in a position to market the Debtor's assets during the liquidation period very effectively.

5. A Chapter 7 trustee may consider this Case a "no asset" case and provide no distribution to Unsecured Creditors.

**Plan Alternatives**

The Debtor has considered various alternatives to the Plan. For the reasons set forth herein, the Debtor believes that to maximize the potential value of the Debtor and maximize the return to creditors, the Plan is the most desirable and beneficial.

**ARTICLE X**

**TAX CONSEQUENCES**

**A. General**

Under the Internal Revenue Code of 1986, as amended (the "Tax Code") and regulations promulgated thereunder (the "Regulations"), there are certain significant federal income tax consequences associated with the Plan. Certain of these consequences are discussed below. The tax consequences described below are subject to significant uncertainties because of (I) the complexity of the transactions contemplated by the Plan; (ii) the uncertainty as to the tax consequences of events in prior years, including changes made by the Bankruptcy Tax Act of 1980 ("BTA80"), the Tax

Reform Act of 1985 ("TRA85"), the Tax Reform Act of 1986 ("TRA86"), the Omnibus Reconciliation Act of 1987 ("ORA87"), the Technical and Miscellaneous Revenue Act of 1988 ("TAMRA"), the Omnibus Budget Reconciliation Act of 1989 ("OBRA89"), the Revenue Reconciliation Act of 1990 ("RRA90") and the Revenue Reconciliation Act of 1993 ("RRA93"); (iii) the differences in the nature of the Claims of various Claimants, their taxpayer status, residence and methods of accounting (including Claimants within the same Class), (iv) prior actions taken by Claimants with respect to their Claims; and (v) the possibility that events or legislation subsequent to the date hereof could change the federal tax consequences of the transactions. There may also be state, local or foreign tax issues that may affect particular Claimants.

HOLDERS OF CLAIMS AND INTERESTS ARE URGED TO CONSULT THEIR TAX ADVISORS RESPECTING THE INDIVIDUAL TAX CONSEQUENCES OF THE TRANSACTIONS CONTEMPLATED UNDER OR IN CONNECTION WITH THE PLAN, INCLUDING STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

### B.    Tax Consequences to Claimants

The tax consequences of the implementation of the Plan to a Claimant will depend in part on (I) whether the Claimant's Claim constitutes a security for federal income tax purposes, (ii) whether the Claimant reports income on the accrual basis, (iii) whether the Claimant receives consideration in more than one tax year, (iv) whether the Claimant is a resident of the United States, and (v) whether all the consideration received by the Claimant is deemed to be received by that Claimant as part of an integrated transaction. The federal tax consequences upon the receipt of Cash and notes allocable to interest are discussed below.

### C.      Gain or Loss on Exchange

The Debtor does not believe that any of the creditors' Claims will constitute tax securities. Whether a debt instrument constitutes a security is based on the facts and circumstances surrounding the origin and nature of the debt and its maturity date.  Generally, claims arising out of the extension of trade credit have been held not to be securities.  Instruments with a five-year term or less also rarely constitute securities.  Accordingly, a Claimant will recognize gain or loss on the exchange of his existing Claim (other than a Claim for accrued interest) for any consideration.  The amount of such gain or loss will equal the difference between (I) the "amount realized" in respect of such Claim and (ii) the adjusted tax basis of the Claimant in such Claim.  Pursuant to Section 1001 of the Tax Code, the "amount realized" will be equal to the sum of the Cash plus the fair market value of any other property received in such exchange.

1.      **Receipt of Cash.**  A Claimant who receives cash in full satisfaction of his Claim will be required to recognize gain or loss on the exchange.  The Claimant will recognize gain or less equal to the difference between the "amount realized" in respect of such Claim and the adjusted tax basis of the Claimant in the Claim, and the tax treatment of the exchange will parallel the tax treatment set forth under above.

2.      **Determination of Character of Gain or Loss.**  In the case of a Claimant whose existing Claim does not constitute a capital asset, the gain or loss realized on the exchange will give rise to ordinary income or loss.  In the case of a Claimant whose existing Claim constitutes a capital asset in his hands, the gain or loss required to be recognized will generally be classified as a capital gain or loss, except to the extent

18

of interest. Any capital gain or loss recognized by a Claimant will be long-term capital gain or loss with respect to those Claims for which the holding period of the Claimant is more than twelve (12) months, and short-term capital gain or loss with respect to such Claims for which the holding period of the Claimant is twelve (12) months or less.

3.      **Receipt of Interest**. The BTA80 reversed prior law by providing that consideration attributable to accrued but unpaid interest will be treated as ordinary income, regardless of whether the Claimant's existing claims are capital assets in his hands and the exchange is pursuant to a tax reorganization. A Claimant who, under his accounting method, was not previously required to include in income accrued but unpaid interest attributable to his existing Claims, and who exchanges his interest Claim for cash, other property or Stock, or a combination thereof, pursuant to the Plan will be treated as receiving ordinary interest income to the extent of any consideration so received allocable to such interest, regardless of whether that Claimant realizes an overall gain or loss as a result of the exchange of his existing Claims.

D.      **Backup Withholding**

Under the Tax Code, interest, dividends and other "reportable payments" may, under certain circumstances, be subject to "backup withholding" at a thirty-one percent (31%) rate. Withholding generally applies if the holder: (I) fails to furnish his social security number or other taxpayer identification number ("TIN"), (ii) furnishes an incorrect TIN, (iii) fails to report interest or dividends, or (iv) under certain circumstances fails to provide a certified statement, signed under

19

penalty of perjury, that the TIN provided is his correct number and that he is not subject to backup withholding.

**BECAUSE THE FINAL OUTCOME DEPENDS SO MUCH ON EACH INDIVIDUAL CLAIMANT'S SITUATION, IT IS IMPERATIVE THAT EACH CLAIMANT SEEK INDIVIDUAL TAX COUNSEL FOR ADVICE ON HIS PARTICULAR SITUATION.**

## ARTICLE XI

### SOLICITATION OF ACCEPTANCES FOR THE PLAN

Although this Disclosure Statement provides information regarding the assets, liabilities and the general financial posture of the Debtor and the potential benefits that might accrue to Holders of Claims and Interests in the Debtor upon Confirmation of the Plan, the Disclosure Statement neither guarantees nor purports to represent the amount or percentage of each Allowed Claim that would be realized under the Plan. Despite this uncertainty, which is inherent in any Plan, the Debtor believes that the Plan will provide each Holder of a Claim with an opportunity to receive greater benefits than any other alternative.

As explained more fully herein above, before the Plan may be confirmed by the Court, the Court must find that the criteria set forth in the Bankruptcy Code have been met, including the requirement that the Plan must be accepted by an impaired Class.

## ARTICLE XII

### UNITED STATES TRUSTEE'S REPORTS & FEES

The Debtor's proposed Plan, pursuant to 28 U.S.C. §1930(a)(6), provides payment to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor during the Chapter 11 proceeding. In addition, the proposed Plan provides that the Debtor will make

payments to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor pursuant to the terms of the proposed Plan, including the payment of post-confirmation quarterly fees as required by 11 U.S.C. § 1129(a)(12) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall submit to the U.S. Trustee post confirmation monthly operating reports in the format prescribed by the U.S. Trustee until such time as this case is converted, dismissed or closed by the Court.

## **ARTICLE XIII**

## **CONCLUSION**

In order for the Bankruptcy Court to confirm the Plan, the Code requires, among other things, that the Plan be proposed in good faith; that the Debtor disclose specified information concerning payments or promises to insiders; that the Plan comply with the applicable provisions of Chapter 11 of the Bankruptcy Code; that, if there is one impaired Class of Creditors, at least one impaired Class of Claims accepts the Plan; that Confirmation of the Plan is not likely to be followed by the need for further reorganization or liquidation of the Reorganized Debtor; that the Plan is in the best interest of each dissenting Creditor and that the Plan is fair and equitable to, and does not discriminate unfairly against, each non-accepting Class of impaired Claims. The Debtor believes that each requirement has been met, and the Debtor urges you to accept the Plan.

This, the 26th day of April, 2016.

> Respectfully submitted,
>
> SLABBED NEW MEDIA, LLC
>
> By Its Attorneys,
>
> LAW OFFICES OF CRAIG M. GENO, PLLC
>
> By: _____
> Jarret P. Nichols

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile

N:\Firm Data\Users\Bankrupt\Slabbed New Media\Disclosure Statement.wpd

## CERTIFICATE OF SERVICE

I, Jarret P. Nichols, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.j.steiskal@usdoj.gov

THIS, the 26th day of April, 2016.

_____
Jarret P. Nichols

22

**SmBus, PlnDue, DsclsDue**

# U.S. Bankruptcy Court
## Southern District of Mississippi (Gulfport-6 Divisional Office)
## Bankruptcy Petition #: 15-50963-KMS

*Date filed:*  06/16/2015
*341 meeting:*  07/20/2015
*Deadline for filing claims:*  10/14/2015
*Deadline for filing claims (govt.):*  12/13/2015

*Assigned to:* Katharine M. Samson
Chapter 11
Voluntary
Asset

**Debtor In Possession**                                    represented by **Craig M. Geno**
**Slabbed New Media, LLC**                                  Law Offices of Craig M. Geno, PLLC
Post Office Box 788                                         587 Highland Colony Pkwy.
Wiggins, MS 39577                                           Ridgeland, MS 39157
STONE-MS                                                    601 427-0048
Tax ID / EIN: 46-3865279                                    Fax : 601-427-0050
                                                            Email: cmgeno@cmgenolaw.com

**U.S. Trustee**                                            represented by **Christopher James Steiskal, Sr.**
**United States Trustee**                                   United States Trustee
501 East Court Street                                       501 East Court Street, Suite 6-430
Suite 6-430                                                 Jackson, MS 39201
Jackson, MS 39201                                           601-965-5241
(601) 965-5241                                              Fax : 601-965-5226
                                                            Email: christopher.j.steiskal@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 06/16/2015 | 1 (3 pgs) | Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by Slabbed New Media, LLC (Geno, Craig) Modified on 6/17/2015 Chapter 11 Plan due by 12/14/2015. Disclosure Statement due by 12/14/2015. Atty Disclosure Statement due 06/30/2015. List of Equity Security Holders due 06/30/2015. Schedules/Statements due 06/30/2015. Statement of Financial Affairs due 06/30/2015. Incomplete Filings due by 06/30/2015. (Watson, Wanda) (Entered: 06/16/2015) |
| 06/16/2015 | | Receipt of Voluntary Petition (Chapter 11)(15-50963) [misc,volp11] (1717.00) Filing Fee. Receipt number 7229640. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/16/2015) |
| 06/16/2015 | 2 (2 pgs) | 20 Largest Unsecured Creditors Filed by De Media, LLC. (Geno, Craig) (Entered: 06/16/ |

EXHIBIT

A

CM/ECF - U.S. Bankruptcy Court:mssb

| | | |
|---|---|---|
| 06/16/2015 | <u>3</u><br>(2 pgs) | Matrix, Document - *Verification of Matrix* Filed by Debtor Slabbed New Media, LLC. (Geno, Craig) (Entered: 06/16/2015) |
| 06/16/2015 | | Creditor Disk/Matrix Uploaded Filed by Debtor Slabbed New Media, LLC. (Geno, Craig) (Entered: 06/16/2015) |
| 06/16/2015 | | **Case Administrator assigned - Wanda Watson** (Wise, Katie) (Entered: 06/16/2015) |
| 06/17/2015 | <u>5</u><br>(1 pg) | Notice to File Corporate Ownership Statement Corporate Ownership Statement due by 6/19/2015. (Watson, Wanda) (Entered: 06/17/2015) |
| 06/17/2015 | <u>6</u><br>(2 pgs) | Order to Debtor Regarding Taxes (Ch. 11) . (Watson, Wanda) (Entered: 06/17/2015) |
| 06/17/2015 | <u>7</u><br>(1 pg) | Corporate Ownership Statement pursuant to Rule 1007(a). Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)<u>5</u> Notice to file Corporate Ownership Statement). (Geno, Craig) (Entered: 06/17/2015) |
| 06/17/2015 | <u>8</u><br>(1 pg) | Equity Security Holders *(List of)* Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 06/17/2015) |
| 06/17/2015 | <u>9</u><br>(1 pg) | Document - *Resolution* Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 06/17/2015) |
| 06/17/2015 | <u>10</u><br>(1 pg) | Notice of Deficiency, 2 Day Notice of Missing Documents. Compliance due date: **6/19/2015**. (Watson, Wanda) (Entered: 06/17/2015) |
| 06/17/2015 | <u>11</u><br>(1 pg) | Notice of Deficiency Compliance due date: 6/30/2015. (Watson, Wanda) (Entered: 06/17/2015) |
| 06/17/2015 | <u>12</u><br>(1 pg) | Amended Notice of Deficiency (RE: related document(s)<u>11</u> Notice of Deficiency) Compliance due date: 6/30/2015. (Watson, Wanda) (Entered: 06/17/2015) |
| 06/18/2015 | <u>13</u><br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 7/20/2015 at 10:30 AM at 341 Mtg - Gpt - Ch 7, 11, 13. Proofs of Claims due by 10/14/2015. Government Proof of Claim due by 12/13/2015. (Watson, Wanda) (Entered: 06/18/2015) |
| | <u>14</u><br>(4 pgs) | Notice *Regarding Small Business Financial Statements, Papers and Related Documents* Filed by Debtor In Possession Slabbed |

| | | |
|---|---|---|
| 06/18/2015 | | New Media, LLC (RE: related document(s)10 Notice of Deficiency, 2 Day Notice of Missing Documents. Compliance due date: **6/19/2015**.). (Geno, Craig) (Entered: 06/18/2015) |
| 06/19/2015 | 15 (6 pgs) | Application to Employ Law Offices of Craig M. Geno, PLLC as Attorneys for the Debtors Filed by Debtor In Possession Slabbed New Media, LLC (Geno, Craig) (Entered: 06/19/2015) |
| 06/19/2015 | 16 (3 pgs) | Notice: Allowing 21 Days to File Written Objection/Response . Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)15 Application to Employ Law Offices of Craig M. Geno, PLLC as Attorneys for the Debtors Filed by Debtor In Possession Slabbed New Media, LLC). Objections due by 07/10/2015. (Geno, Craig) (Entered: 06/19/2015) |
| 06/19/2015 | 17 (5 pgs) | Certificate of Service Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)15 Application to Employ Law Offices of Craig M. Geno, PLLC as Attorneys for the Debtors , 16 21 Day Notice). (Geno, Craig) (Entered: 06/19/2015) |
| 06/19/2015 | 18 (2 pgs) | Disclosure of Compensation of Attorney for Debtor Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 06/19/2015) |
| 06/19/2015 | 19 (7 pgs) | Declaration re: *Amended Notice Regarding Small Business Financial Statements, Papers and Related Documents (Declaration attached as Exhibit "B")* Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)14 Notice). (Geno, Craig) (Entered: 06/19/2015) |
| 06/19/2015 | 20 (2 pgs) | BNC Certificate of Mailing - Deficiency Notice (RE: related document(s)5 Notice to file Corporate Ownership Statement) Notice Date 06/19/2015. (Admin.) (Entered: 06/20/2015) |
| 06/19/2015 | 21 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)6 Order to Debtor Regarding Taxes (Ch. 11)) Notice Date 06/19/2015. (Admin.) (Entered: 06/20/2015) |
| 06/19/2015 | 22 (2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)10 Notice of Deficiency) Notice Date 06/19/2015. (Admin.) (Entered: 06/20/2015) |
| 06/19/2015 | 23 (2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)11 Notice of Deficiency) Notice Date 06/19/2015. (Admin.) (Entered: 06/20/2015) |

CM/ECF - U.S. Bankruptcy Court:mssb

| 06/19/2015 | <u>24</u><br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)<u>12</u> Notice of Deficiency) Notice Date 06/19/2015. (Admin.) (Entered: 06/20/2015) |
| --- | --- | --- |
| 06/20/2015 | <u>25</u><br>(3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)<u>13</u> Meeting of Creditors Chapter 11) Notice Date 06/20/2015. (Admin.) (Entered: 06/20/2015) |
| 06/30/2015 | <u>26</u><br>(3 pgs) | Motion to Extend Time *Within Which to File Required Documents* Filed by Debtor In Possession Slabbed New Media, LLC (Geno, Craig) (Entered: 06/30/2015) |
| 06/30/2015 | <u>27</u><br>(1 pg) | Order Granting Motion for Extension of Time Within Which to File Required Documents, extended to 07/14/2015. (Related Doc # <u>26</u>) (Watson, Wanda) (Entered: 06/30/2015) |
| 07/02/2015 | <u>28</u><br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)<u>27</u> Order on Motion to Extend Time) Notice Date 07/02/2015. (Admin.) (Entered: 07/03/2015) |
| 07/09/2015 | <u>29</u><br>(11 pgs) | Small Business Monthly Operating Report for Filing Period June 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 07/09/2015) |
| 07/14/2015 | <u>30</u><br>(2 pgs) | Order Authorizing Debtor to Employ Attorneys, Law Offices of Craig M. Geno, PLLC (Related Doc # <u>15</u>) (Watson, Wanda) (Entered: 07/14/2015) |
| 07/14/2015 | <u>31</u><br>(13 pgs) | Schedule A , Schedule B , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Summary of Schedules , Declaration re: Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 07/14/2015) |
| 07/14/2015 | <u>32</u><br>(8 pgs) | Statement of Financial Affairs Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 07/14/2015) |
| 07/16/2015 | <u>33</u><br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)<u>30</u> Order on Application to Employ) Notice Date 07/16/2015. (Admin.) (Entered: 07/17/2015) |
| 07/21/2015 | <u>34</u><br>(2 pgs) | Meeting of Creditors Held *07/20/2015* Filed by U.S. Trustee United States Trustee (RE: related document(s)<u>13</u> Meeting of Creditors Chapter 11). (Steiskal, Christopher) (Entered: 07/21/2015) |
| | <u>35</u><br>(3 pgs) | Agreed Scheduling Order (joint ore tenus motion of the U.S. Trustee and Debtors) regarding filings with the U.S. Trustee |

| | | |
|---|---|---|
| 07/22/2015 | | and the Court. (Watson, Wanda) (Entered: 07/22/2015) |
| 07/24/2015 | 36 (4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)35 Scheduling Order) Notice Date 07/24/2015. (Admin.) (Entered: 07/25/2015) |
| 08/14/2015 | 37 (2 pgs) | Motion to Extend Time *to Remove Causes of Action* Filed by Debtor In Possession Slabbed New Media, LLC (Geno, Craig) (Entered: 08/14/2015) |
| 08/14/2015 | 38 (4 pgs) | Notice: Allowing 21 Days to File Written Objection/Response . Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)37 Motion to Extend Time *to Remove Causes of Action* Filed by Debtor In Possession Slabbed New Media, LLC). Objections due by 09/4/2015. (Geno, Craig) (Entered: 08/14/2015) |
| 08/14/2015 | 39 (6 pgs) | Certificate of Service Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)38 21 Day Notice). (Geno, Craig) (Entered: 08/14/2015) |
| 08/18/2015 | 40 (9 pgs) | Chapter 11 Monthly Operating Report for Filing Period July 1 thru 31, 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 08/18/2015) |
| 08/19/2015 | 41 (11 pgs) | Chapter 11 Monthly Operating Report for Filing Period July 1 thru 31, 2015 *Amended Chapter 11 Monthly Operating Report* Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 08/19/2015) |
| 09/08/2015 | 42 (1 pg) | Clerk's Notice To: Craig M. Geno - **Action Required**. (RE: related document(s)37 Motion to Extend Time filed by Debtor In Possession Slabbed New Media, LLC) Tickle for date: 9/22/2015. (Watson, Wanda) (Entered: 09/08/2015) |
| 09/09/2015 | 43 (2 pgs) | Order Granting Motion to Extend Debtor's Time to Remove Causes of Action, extended to 11/15/2015 (Related Doc # 37) (Watson, Wanda) (Entered: 09/09/2015) |
| 09/10/2015 | 44 (2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)42 Notice - Action Required) Notice Date 09/10/2015. (Admin.) (Entered: 09/11/2015) |
| 09/11/2015 | 45 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)43 Order on Motion to Extend Time) Notice Date 09/11/2015. (Admin.) (Entered: 09/12/2015) |
| | 46 | Small Business Monthly Operating Report for Filing Period |

| | | |
|---|---|---|
| 09/16/2015 | (10 pgs) | August 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 09/16/2015) |
| 10/19/2015 | 47 (10 pgs) | Small Business Monthly Operating Report for Filing Period September 1 thru 30, 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 10/19/2015) |
| 11/11/2015 | 48 (2 pgs) | Second Motion to Extend Time *for Debtor to Remove Causes of Action* Filed by Debtor In Possession Slabbed New Media, LLC (Geno, Craig) (Entered: 11/11/2015) |
| 11/11/2015 | 49 (4 pgs) | Notice: Allowing 21 Days to File Written Objection/Response . Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)48 Second Motion to Extend Time *for Debtor to Remove Causes of Action* Filed by Debtor In Possession Slabbed New Media, LLC). Objections due by 12/2/2015. (Geno, Craig) (Entered: 11/11/2015) |
| 11/11/2015 | 50 (6 pgs) | Certificate of Service Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)48 Second Motion to Extend Time *for Debtor to Remove Causes of Action*, 49 21 Day Notice). (Geno, Craig) (Entered: 11/11/2015) |
| 11/13/2015 | 51 (2 pgs) | Order Granting Second Motion to Extend Time to Remove Causes of Action to 01/14/2016, preliminarily, without prejudice to any objections thatmay be filed (Related Doc # 48) (Watson, Wanda) (Entered: 11/13/2015) |
| 11/15/2015 | 52 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)51 Order on Motion to Extend Time) Notice Date 11/15/2015. (Admin.) (Entered: 11/16/2015) |
| 11/20/2015 | 53 (10 pgs) | Small Business Monthly Operating Report for Filing Period October 1 - 31, 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 11/20/2015) |
| 12/14/2015 | 54 (2 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Debtor In Possession Slabbed New Media, LLC (Geno, Craig) (Entered: 12/14/2015) |
| 12/14/2015 | 55 (2 pgs) | Notice: Allowing 21 Days to File Written Objection/Response . Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)54 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Debtor In Possession Slabbed New Media, LLC). Objections due by 01/4/2016. (Geno, Craig) (Entered: 12/14/2015) |

| | | |
|---|---|---|
| 12/14/2015 | 56<br>(4 pgs) | Certificate of Service Filed by Debtor In Possession Slabbed New Media, LLC (RE: related document(s)54 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement , 55 21 Day Notice). (Geno, Craig) (Entered: 12/14/2015) |
| 12/28/2015 | 57<br>(9 pgs) | Small Business Monthly Operating Report for Filing Period November 1 thru 30, 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 12/28/2015) |
| 01/11/2016 | 58<br>(2 pgs) | Order On Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # 54) (Watson, Wanda) (Entered: 01/11/2016) |
| 01/13/2016 | 59<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)58 Order on Motion to Extend/Limit Exclusivity Period) Notice Date 01/13/2016. (Admin.) (Entered: 01/14/2016) |
| 01/28/2016 | 60<br>(10 pgs) | Small Business Monthly Operating Report for Filing Period December 1 thru 31, 2015 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 01/28/2016) |
| 03/14/2016 | 61<br>(5 pgs) | Motion to Convert Case to Chapter 7 . Receipt Number exempt, Fee Amount $15, or in the alternative Motion to Dismiss Debtor Filed by U.S. Trustee United States Trustee (Steiskal, Christopher) (Entered: 03/14/2016) |
| 03/14/2016 | 62<br>(2 pgs) | Notice of Hearing (RE: related document(s)61 Motion to Convert or Dismiss filed by United States Trustee) Hearing to be held on 4/28/2016 at 01:30 PM Courtroom - Hattiesburg for 61, Responses due by 4/21/2016. (Watson, Wanda) (Entered: 03/14/2016) |
| 03/14/2016 | 63<br>(1 pg) | Order Setting Hearing Out of Time. (RE: related document(s)61 Motion to Convert or Dismiss filed by United States Trustee). Hearing to be held on 4/28/2016 at 01:30 PM Courtroom - Hattiesburg for 61. (Watson, Wanda) (Entered: 03/14/2016) |
| 03/16/2016 | 64<br>(3 pgs) | BNC Certificate of Mailing - Hearing. (RE: related document(s)62 Hearing Set - Bankruptcy) Notice Date 03/16/2016. (Admin.) (Entered: 03/17/2016) |
| | 65<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)63 Order Setting/Resetting/Continuing Hearing) |

CM/ECF - U.S. Bankruptcy Court:mssb

| 03/16/2016 | | Notice Date 03/16/2016. (Admin.) (Entered: 03/17/2016) |
|---|---|---|
| 04/04/2016 | <u>66</u><br>(4 pgs) | Objection to (related document(s): <u>61</u> Motion to Convert Case to Chapter 7 . Receipt Number exempt, Fee Amount $15 filed by U.S. Trustee United States Trustee, Motion to Dismiss Debtor ) Filed by Debtor In Possession Slabbed New Media, LLC (Geno, Craig) (Entered: 04/04/2016) |
| 04/07/2016 | <u>67</u><br>(10 pgs) | Small Business Monthly Operating Report for Filing Period January 1 thru 31, 2016 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 04/07/2016) |
| 04/07/2016 | <u>68</u><br>(11 pgs) | Small Business Monthly Operating Report for Filing Period Feb 1 thru 29, 2016 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 04/07/2016) |
| 04/07/2016 | <u>69</u><br>(10 pgs) | Small Business Monthly Operating Report for Filing Period March 1 thru 31, 2016 Filed by Debtor In Possession Slabbed New Media, LLC. (Geno, Craig) (Entered: 04/07/2016) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/26/2016 08:56:01 | | | |
| **PACER Login:** | locmg587:2560662:0 | **Client Code:** | SLABBED |
| **Description:** | Docket Report | **Search Criteria:** | 15-50963-KMS Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

B6A (Official Form 6A) (12/07)

In re   **Slabbed New Media, LLC**                                                          Case No.   **15-50963**
_____                            _____
                                   Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

**EXHIBIT B**

| | | |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re   **Slabbed New Media, LLC**                                                      Case No.   **15-50963**
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. **List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash - 110 Hall Street, Wiggins, MS** | - | 94.75 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >         94.75
(Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Slabbed New Media, LLC**                                    Case No. _____**15-50963**_____
_____
                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Judgment receivable -** **USDC, Southern District of Mississippi,** **Trout Point Lodge, et al. vs. Handshoe;** **Case No. 1:12cv90** | - | 48,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 48,000.00 |
| (Total of this page) | |

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re     **Slabbed New Media, LLC**                                     Case No. ___**15-50963**_____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 48,094.75 |

Sheet __**2**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re   **Slabbed New Media, LLC**                                      Case No. _____**15-50963**_____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| **0**   continuation sheets attached | | | | | Subtotal (Total of this page) | | | | | |
| | | | | | Total (Report on Summary of Schedules) | | | | 0.00 | 0.00 |

**EXHIBIT**
tabbies
C

Software Copyright (c) 1996-2014 - Best Case, LLC

Best Case Bankruptcy

B6E (Official Form 6E) (4/13)

In re  **Slabbed New Media, LLC**                                    Case No.   **15-50963**
_____
                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

---

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0**      continuation sheets attached

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re  **Slabbed New Media, LLC**                                                    Case No.  **15-50963**

                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Chris Young<br>545 Terrace Street<br>New Orleans, LA 70121-1515** | | - | May 28, 2015<br>**Award of Fees -<br>Subject to appeal** | X | X | X | **Unknown** |
| Account No.<br><br>**Montgomery Law Center<br>1403 West Esplanade Av<br>Kenner, LA 70065** | | - | May 2014 - July 2014 | | | | **5,399.48** |
| Account No.<br><br>**Montgomery Law Center<br>1403 West Esplanade Av<br>Kenner, LA 70065** | | - | August 2014 - June 15, 2015 | | X | | **6,600.52** |
| Account No.<br><br>**The Truitt Law Firm<br>149 N. New Hampshire<br>Covington, LA 70433** | | - | 2/11/13<br>Services rendered in 2012 and 2013 | | | | **48,000.00** |
| | | | | | | Subtotal<br>(Total of this page) | **60,000.00** |

  1    continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re    **Slabbed New Media, LLC**                                    Case No.    **15-50963**
_____
                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  Tourism Bus. Solutions 2308 Arnold Street Waveland, MS 39576 | - | | June 10, 2015 | | | | 80.00 |
| Account No. xxA 5X9  Trout Point Lodge,Ltd, C.Leary & V. Perret 189 Trout Point Road E Kemptville,NS B5A5X9 | - | | Foreigh Defamation Judgment:  Services from publisher's indemnity | X | X | X | 425,000.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

| Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 425,080.00 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 485,080.00 |