_____

SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: May 23, 2016**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   **SLABBED NEW MEDIA, LLC**<br>           Debtor | **CHAPTER 11**<br>**CASE NO. 15-50963-KMS** |

### AGREED ORDER GRANTING FIRST APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES FOR THE LAW OFFICES OF CRAIG M. GENO, PLLC

THIS CAUSE having come on for hearing this day on the *First and Final Application for Allowance of Compensation and Reimbursement of Necessary Expenses for the Law Offices of Craig M. Geno, PLLC* **[DK #74]** (the "Application") filed herein by the Law Offices of Craig M. Geno, PLLC ("Applicant"), counsel for Slabbed New Media, LLC (the "Debtor"), and the informal objection thereto by the United States Trustee (the "UST"), and the Court being fully advised in the premises, hereby finds as follows:

1. Notice of the Application was adequate and appropriate under the circumstances.

2. On June 16, 2015 (the "Petition Date"), the Debtor filed its Voluntary Petition **[DK #1]** for reorganization with this Court under Chapter 11 of the Bankruptcy Code.

3. On July 14, 2015, an Order approving the employment of the Law Offices of Craig M. Geno, PLLC, **[DK #30]** as attorneys for the Debtor was entered by the Court.

4. The substantial services rendered to the Debtor and the expenses incurred by Applicant benefitted the estate. An Affidavit reflecting said legal services rendered and expenses incurred is attached to the Application as Exhibit "A" and is incorporated herein by reference. The Affidavit also certifies and represents to the Court that the services rendered to the Debtor were reasonable and necessary and that said services have actually been rendered. A detailed itemization of such services and expenses is attached to the Application as Exhibit "B" and is incorporated by reference.

5. The fees and expenses charged and incurred represent reasonable and necessary fees and expenses that were required to be extended by Applicant to the Debtor in all matters which are anticipated to arise in the functioning of litigation matters, case administration and to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of the counsel's obligations herein; and they represent normal and customary fees and expenses incurred and charged for representation of debtors in similar cases. The time, skill and experience utilized by counsel for the Debtor justify the approval of the Application.

6. This is the Applicant's first request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from June 8, 2015, to and including April 17, 2016, and is for the sum of $17,379.18 ($15,598.00 in fees and $1,781.18 in expenses), less any retainer balance remaining. Pursuant to Applicant's agreement with the UST, fees and expenses have been adjusted as follows: (1) reduction in Craig M. Geno fees by .20 hours for $75.00; (2) reduction in Jarret P. Nichols fees by .70 hours for $164.50; (3) increase in Joni A. Shaw fees by .20 for $30.00. The Summary by Timekeeper is revised as follows:

-3-

| TIMEKEEPER | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Craig M. Geno | $375.00 | 26.40 | $9,900.00 |
| Jarret P. Nichols | $235.00 | 17.10 | $4,018.50 |
| Beverly R. Pritchard | $150.00 | 8.40 | $1,260.00 |
| Joni A. Shaw | $150.00 | 1.40 | $  210.00 |
| **TOTAL** | | | **$15,388.50** |

The fee request is reduced by a total of $209.50, resulting in a final amount due of $17,169.68 ($15,388.50 in fees and $1,781.18 in expenses).

7. Applicant is entitled to compensation for professional services rendered to the Debtor and reimbursement of expenses it has incurred on behalf of the Debtor pursuant to the provisions of 11 U.S.C. Section 330. Therefore, the Application should be approved and granted.

IT IS ACCORDINGLY, ORDERED:

A. The Law Offices of Craig M. Geno, PLLC is hereby allowed interim compensation and reimbursement of expenses in the adjusted sum of $17,169.68 ($15,388.50 in fees and $1,781.18 in expenses), less any retainer balance remaining.

B. The sum approved and allowed by this Court as interim compensation and reimbursement of expenses is a priority administrative expense as set forth in 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and the Debtor is authorized and directed to pay the same to his counsel.

## END OF ORDER # #

AGREED AND APPROVED:

/s/ *Craig M. Geno*                                             /s/ *Christopher J. Steiskal*   [w/permission]
Craig M. Geno                                                       Christopher J. Steiskal
Attorney for the Debtor                                         Office of the United States Trustee

-4-

PREPARED BY:

Craig M. Geno, Esq.; MSB No. 4793
Jarret P. Nichols, Esq.; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Slabbed New Media\Fee Apps\CMG\1st\Agreed Order.wpd

-4-