## ASSIGNMENT OF RIGHTS AND CLAIMS


FILED
MAR 04 2014
CLERK'S OFFICE

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

I, Douglas K. Handshoe, do hereby assign, convey and transfer to Jack E. Truitt and The Truitt Law Firm, LLC any and all rights, claims, or title in any claim, action or lawsuit I may have against Charles Leary, Vaughn Perret, and/or Trout Point Lodge, Limited for the collection of attorney's fees, costs, or any other element of damages or interest which was awarded to me in connection with the litigation which was formerly pending in the United States District Court for the Southern District of Mississippi and the United States Fifth Circuit Court of Appeal between myself and the aforesaid parties.

Jack E. Truitt and The Truitt Law Firm, LLC shall have the full right to institute any and all actions for collection of attorney's fees, costs, or other damages in the United States or Canada as if instituted by me. This assignment of rights and claims has been made by me in exchange for good and valuable consideration.

SWORN TO AND SUBSCRIBED

THIS 5TH DAY OF MARCH, 2014

_____
NOTARY PUBLIC

State of Mississippi, County of Hancock
Personally appeared before me, the undersigned authority in and for the said county and state, on this 5 day of March 20 14, within my jurisdiction, the within named Douglas K. Handshoe who acknowledged that He executed the above and foregoing instrument.

Timothy A. Kellar
Chancery Clerk
By: _____

My Commission Expires Dec. 31, 2015

VERIFIED
Barbara Gaude
Deputy Clerk

EXHIBIT
B

EXHIBIT
A

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO.                                                       DIVISION/SECTION:

JACK E. TRUITT AND THE TRUITT LAW FIRM, L.L.C.

VERSUS

DANIEL G. ABEL, TROUT POINT LODGE, LIMITED, VAUGHN PERRET, AND CHARLES LEARY

FILED: _____       _____

DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Jack E. Truitt, a person of full age and majority and a resident of the Parish of St. Tammany, State of Louisiana, and The Truitt Law Firm, LLC, being a Louisiana limited liability company, organized in and doing business in the Parish of St. Tammany, State of Louisiana, (hereinafter referred to as ("petitioners") who respectfully represent:

1.

That made defendants herein are Daniel G. Abel ("Abel"), a person of the full age of majority and domiciled in Jefferson Parish, State of Louisiana, Trout Point Lodge, Limited, a Canadian limited company ("Trout Point"), Vaughn Perret, ("Perret") and Charles Leary, ("Leary"), persons of the full age of majority and domiciled in Canada, collectively referred to as ("defendants"), who are subject to the jurisdiction of this Honorable Court in that they have committed tortious acts against your petitioners which have caused damages to petitioners in the Parish of St. Tammany, State of Louisiana.

2.

The defendant, Abel, is a licensed attorney in the State of Louisiana, who is associated with Trout Point, Perret and Leary. Trout Point, Perret and Leary have availed themselves of this State as a forum to seek damages from various litigants in connection with a related matter.

3.

The petitioners represented Douglas Handshoe in the matter entitled *Trout Point Lodge,*

**EXHIBIT D.**

*Limited vs. Doug Handshoe*, in the United States District Court for the Southern District of Mississippi, and in that matter, Douglas Handshoe was awarded attorney's fees in the amount of $48,000.00, in an Order granting defendant's Motion for Attorney's Fees entered on December 11, 2013, by the Honorable Louis Guirola, Jr. in Cause No. 1:12CV90-LG-JMR (U.S.D.C. for the Southern District of Mississippi), said interest in that judgment awarding attorney's fees in the sum of $48,000.00, was assigned by Douglas Handshoe to petitioner, Truitt.

4.

In an effort to offset or defeat that claim for attorney's fees and costs against Trout Point, Perret and Leary, Abel and those co-defendants have engaged in a pattern of "litigation terrorism," filing lawsuits against Truitt, his law firm, and Handshoe. All of these lawsuits are completely devoid of any facts or causes of action which would allow for any judgment against petitioners, but which lawsuits were filed solely in an effort to defeat or prevent the execution of the judgment in favor of the petitioners for the sum of $48,000.00 plus interest and costs.

5.

The defendants have engaged in the abuse of the judicial process for (1) an ulterior purpose and (2) engaged in wilful acts in the use of the judicial process not proper in the regular conduct of the proceedings. The defendants' conduct involves the misuse of a process already legally issued whereby the defendants are attempting to obtain some result not proper under law.

6.

As a result of the defendants' abuse of process, the petitioners have suffered damages, including, but not limited to, mental anguish, loss of profits, loss of business opportunities, embarrassment, humiliation, and other such damages as will be shown at a trial on the merits. In no event, though, do the damages of the petitioners exceed the amount of $50,000.00, exclusive of judicial interest and costs.

**WHEREFORE**, petitioners pray that the defendants each be served with a copy of this Petition and be duly cited to appear and answer same, that after due and deliberate proceedings had, there be judgment in favor of the petitioners and against the defendants, Daniel G. Abel, Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary, jointly and severally, in an amount to be

determined by this Honorable Court, and for attorney's fees, interest, and costs on any sums recovered in this action, and for all general and equitable relief as allowed by law and in the Judgment of this Honorable Court.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

_____
JACK E. TRUITT, BAR NO. 18476, T.A.
PAMELA SEEBER CHEHARDY, BAR NO. 23562
ALAINA BRANDHURST, BAR NO. 35057
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Petitioners

**PLEASE SERVE:**

Daniel G. Abel, Esq.
2421 Clearview Parkway
Metairie, Louisiana 70001

Trout Point, LTD
Through the Louisiana Long Arm Statute
189 Trout Point Road
East Kemptville, NS B0W 1Y0, Canada

Vaughn Perret
Through the Louisiana Long Arm Statute
189 Trout Point Road
East Kemptville, NS B0W 1Y0, Canada

Charles Leary
Through the Louisiana Long Arm Statute
189 Trout Point Road
East Kemptville, NS B0W 1Y0, Canada

# THE TRUITT LAW FIRM

A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
149 NORTH NEW HAMPSHIRE STREET
COVINGTON, LOUISIANA 70433-3235
E-MAIL: MAIL@TRUITTLAW.COM

TELEPHONE:
(985) 327-5266

FACSIMILE:
(985) 327-5252

NEW ORLEANS OFFICE:

433 METAIRIE ROAD, SUITE 209
METAIRIE, LOUISIANA 70005
TELEPHONE: (504) 831-3393

WRITER'S E-MAIL:
btruitt@truittlaw.com

April 23, 2014

*Via Facsimile Transmission (504) 364-3780*
*and Regular U.S. Mail*
Clerk of Court
24th Judicial District Court
P.O. Box 10
Gretna, Louisiana 70054-0010

    Re: Christ E. Yount vs.
         Douglas K Handshoe, et al
         Filed Under Seal
         24th JDC, Docket NO.: 736,680, "L"

Dear Clerk:

    Enclosed please find an Answer to Petition for Injunctive Relief and Damages filed Under Seal and Reconventional Demand in connection with the above referenced matter. Please file the original in to the record, make the necessary arrangements for service, and return a file-stamped copy to me in the self-addressed stamped envelope.

    We are filing the above via facsimile pursuant to the provisions of Louisiana Revised Statute 13:850. Please confirm receipt of these pleadings and the cost associated with this facsimile filing.

    We will remit the original pleadings and cost due within five days of today. If you have any questions, please do not hesitate to contact me.

With kindest regards,

JACK E. TRUITT

JET/blm
Enclosures
cc: Daniel Abel *(Via Email w/encl.)*
    Douglas Handshoe *(Via Email w/encl.)*

EXHIBIT C

24th JUDICIAL DISTRICT COURT OF PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 736,680　　　　　　　　　　　　　　　　DIVISION/SECTION:　"L"

CHRIS E. YOUNT

VERSUS

DOUGLAS K. HANDSHOE, SLABBED.ORD
SLABBED NEW MEDIA, LLC AND JACK E. "BOBBY" TRUITT

FILED: _____　　　　_____
　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

## ANSWER TO PETITION FOR INJUNCTIVE RELIEF AND DAMAGES FILED UNDER SEAL AND RECONVENTIONAL DEMAND

NOW INTO COURT, through undersigned counsel, comes defendant, Jack E. Truitt, who respectfully answers the Petition for Injunctive Relief and Damages filed under seal of plaintiff as follows:

1.

The allegations contained in Paragraph 1 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of plaintiff's Petition for Injunctive Relief and Damages are denied.

4.

The allegations contained in Paragraph 4 of plaintiff's Petition for Injunctive Relief and Damages are denied.

5.

The allegations contained in Paragraph 5 of plaintiff's Petition for Injunctive Relief and Damages are denied.

6.

The allegations contained in Paragraph 6 of plaintiff's Petition for Injunctive Relief are

denied.

7.

The allegations contained in Paragraph 7 of plaintiff's Petition for Injunctive Relief and Damages are denied.

8.

The allegations contained in Paragraph 8 of plaintiff's Petition for Injunctive Relief and Damages are denied.

9.

The allegations contained in Paragraph 9 of plaintiff's Petition for Injunctive Relief and Damages are denied.

10.

The allegations contained in Paragraph 10 of plaintiff's Petition for Injunctive Relief and Damages are denied.

11.

The allegations contained in Paragraph 11 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of plaintiff's Petition for Injunctive Relief are denied.

15.

The allegations contained in Paragraph 15 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of plaintiff's Petition for Injunctive Relief and Damages are admitted.

17.

The allegations contained in Paragraph 17 of plaintiff's Petition for Injunctive Relief and Damages are denied.

18.

The allegations contained in Paragraph 18 of plaintiff's Petition for Injunctive Relief and Damages are denied.

19.

The allegations contained in Paragraph 19 of plaintiff's Petition for Injunctive Relief and Damages are denied.

20.

The allegations contained in Paragraph 20 of plaintiff's Petition for Injunctive Relief and Damages are admitted. Truitt affirmatively pleads the truth of the statement attributed to him, denies its falsity, and asserts that as a question posed, there can be no malice associated with the question posed.

21.

The allegations contained in Paragraph 21 of plaintiff's Petition for Injunctive Relief and Damages are denied.

22.

The allegations contained in Paragraph 22 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of plaintiff's Petition for Injunctive Relief and Damages are denied as to this defendant.

25.

The allegations contained in Paragraph 25 of plaintiff's Petition for Injunctive Relief and Damages are denied as to this defendant.

26.

The allegations contained in Paragraph 26 of plaintiff's Petition for Injunctive Relief and

Damages are denied as to this defendant.

27.

The allegations contained in Paragraph 27 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of plaintiff's Petition for Injunctive Relief and Damages are denied.

29.

The allegations contained in Paragraph 29 of plaintiff's Petition for Injunctive Relief and Damages are denied.

30.

The allegations contained in Paragraph 30 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 32 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of plaintiff's Petition for Injunctive Relief and Damages are denied. Truitt pleads the truth of the sole statement attributed to him in Paragraph 20 of the Petition.

34.

The allegations contained in Paragraph 34 of plaintiff's Petition for Injunctive Relief and Damages are denied. Truitt pleads the truth of the sole statement attributed to him in Paragraph 20 of the Petition.

35.

The allegations contained in Paragraph 35 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 of plaintiff's Petition for Injunctive Relief and Damages are denied as to this defendant.

37.

The allegations contained in Paragraph 37 of plaintiff's Petition for Injunctive Relief and Damages are denied.

38.

The allegations contained in Paragraph 38 of plaintiff's Petition for Injunctive Relief and Damages are denied.

39.

The allegations contained in Paragraph 39 of plaintiff's Petition for Injunctive Relief and Damages are denied. Truitt pleads the truth of the sole statement attributed to him in Paragraph 20 of the Petition.

40.

The allegations contained in Paragraph 40 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

41.

Defendant avers that the alleged damages of plaintiff, which alleged damages are hereby specifically denied, were the result of fault and/or negligence on behalf of third parties for whom the defendant is not responsible or legally liable, which fault and/or negligence of said third parties is hereby plead in bar to or diminution of any recovery by plaintiff.

42.

Defendant pleads truth as an affirmative defense and pleads his right to free speech as enshrined in the First Amendment to the Constitution of the United States as an affirmative defense.

43.

Defendant pleads the Special Motion to Strike, as set forth in La. C.C.P. Art. 971, as an affirmative defense.

44.

Defendant avers that plaintiff has failed to mitigate damages, if any.

**WHEREFORE**, defendant prays that there be judgment herein in its favor after due and

deliberate proceedings had, with all costs and attorney's fees incurred in defending this litigation assessed against plaintiff. Defendant also prays for any other general or equitable relief which this Honorable Court may deem appropriate.

## RECONVENTIONAL DEMAND

NOW, assuming the role of plaintiff-in-reconvention, Jack E. Truitt, attorney at law, being of the full age and majority and a resident of the Parish of St. Tammany, State of Louisiana, and The Truitt Law Firm, LLC, being a Louisiana limited liability company, organized in and doing business in the Parish of St. Tammany, State of Louisiana, (hereinafter referred to as "plaintiffs-in-reconvention") who respectfully represent:

1.

That made defendant-in-reconvention herein is Chris E. Yount, a person of the full age of majority and a resident of and domiciled in Jefferson Parish, State of Louisiana, who is subject to the jurisdiction of this Honorable Court in that he has committed tortious acts against your plaintiffs-in-reconvention which have caused damages to plaintiffs-in-reconvention.

2.

The plaintiffs-in-reconvention represented Douglas Handshoe in the matter entitled *Trout Point Lodge, Limited vs. Doug Handshoe*, in the United States District Court for the Southern District of Mississippi, and in that matter, Douglas Handshoe was awarded attorney's fees in the amount of $48,000.00, by the Honorable Louis Guirola, Jr. in Cause No. 1:12CV90-LG-JMR (U.S.D.C. for the Southern District of Mississippi). Said interest in that judgment awarding attorney's fees in the sum of $48,000.00, was assigned by Douglas Handshoe to plaintiff-in-reconvention, Truitt.

3.

In an effort to offset or defeat that claim for attorney's fees and costs against counsel for Chris E. Yount, Daniel G. Abel, has encouraged, conspired with, and engaged in a pattern of "litigation terrorism," filing lawsuits against Truitt, his law firm, and Handshoe, all which, including the above-captioned litigation, are completely devoid of any facts or causes of action which would allow for any judgment against plaintiffs-in-reconvention, but which lawsuits were filed solely in an effort to defeat or prevent the execution of the judgment in favor of plaintiffs-in-reconvention for the full and true sum of $48,000.00, plus interest and costs.

4.

The defendant-in-reconvention has engaged in the abuse of the judicial process for (1) an ulterior purpose and (2) engaged in wilful acts in the use of the judicial process not proper in the regular conduct of these proceedings. The defendant-in-reconvention's conduct involves the misuse of a process already legally issued whereby the defendant is attempting to obtain some result not proper under law.

5.

As a result of the defendant-in-reconvention's abuse of process, the plaintiffs-in-reconvention have suffered damages, including, but not limited to, mental anguish, loss of profits, loss of business opportunities, embarrassment, humiliation, and other such damages as will be shown at a trial on the merits. In no event, though, do the damages of the plaintiffs-in-reconvention exceed the amount of $50,000.00, exclusive of judicial interest and costs.

**WHEREFORE**, plaintiffs-in-reconvention pray that the defendant-in-reconvention, Chris E. Yount, be served with a copy of this Answer and Reconventional Demand and be duly cited to appear and answer same, that after due and deliberate proceedings had, there be judgment in favor of the plaintiffs-in-reconvention and against the defendant-in-reconvention, Chris E. Yount, in an amount to be determined by this Honorable Court, and for attorney's fees, interest, and costs on any sums recovered in this action, and for all general and equitable relief as allowed by law and in the Judgment of this Honorable Court.

Respectfully submitted,

THE TRUITT LAW FIRM
A Limited Liability Company

JACK E. TRUITT, BAR NO. 18476, T.A.
PAMELA SEEBER CHEHARDY, BAR NO. 23562
ALAINA BRANDHURST, BAR NO. 35057
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Jack E. Truitt

**PLEASE SERVE:**

Chris E. Yount,
by and through his counsel of record,
Daniel G. Abel, Esq.
2421 Clearview Parkway
Legal Department - Suite 106
Metairie, Louisiana 70001

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on April 24, 2014.

_____

IN THE COUNTY OF YARMOUTH
PROVINCE OF NOVA SCOTIA

AFFIDAVIT OF CHARLES L LEARY
Sworn on May 24, 2016

BEFORE ME, came and personally appeared Charles L. Leary, a person of the full age of majority and domiciled in East Kemptville, Nova Scotia, who, after being duly sworn, did depose and say:

1. I am a United States citizen domiciled in Nova Scotia, Canada, and a member of Trout Point Lodge, a Nova Scotia limited company registered with the Nova Scotia Registry of Joint Stocks.
2. I have never met Douglas Handshoe and do not know him.
3. Mr. Handshoe has been publishing on his public Internet blog "slabbed" about me, my personal business, and Trout Point Lodge since January, 2010.
4. The statements about me contained in Slabbed New Media's Plan of Reorganization for Slabbed New Media, LLC filed with the U.S. Bankruptcy Court in the Southern District of Mississippi bear no resemblance to the truth.
5. I have never participated in, or been remotely connected to any "bribery and money-laundering scheme." I have never been in business with Aaron Broussard.
6. I have never had any membership or stake in Nova Scotia Enterprises, LLC, which on information and belief was or is a Louisiana limited liability company.
7. Mr. Handshoe has been publishing utterly false criminal allegations about me and my business for well over four years.
8. Mr. Handshoe's Internet publications have severely damaged my business and my public reputation as a former university professor, author, hotelier, and entrepreneur.
9. Mr. Handshoe has continued to defame me and publish false injurious publications about me in court pleadings in Mississippi, including in the Bankruptcy Court, which are publicly available documents.
10. Attached hereto as Exhibit "A" is a true copy of the results of a search for the domain registration records for "slabbed.org" from June 18, 2015. This records shows that at that time Mr. Handshoe personally was the sole registrant of the domain slabbed.org. I personally searched for and downloaded this information from Domain Tools on June 18, 2015.
11. I personally own money judgments from Nova Scotia Supreme Court against Douglas Handshoe. I do not collectively own such judgment debts with third parties such as Vaughn Perret or Trout Point Lodge, Limited. The amounts of these judgment debts are public record in the published court decisions Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62 and Trout Point Lodge Ltd. v. Handshoe, 2012 NSSC 245.
12. All judgments I have against Douglas Handshoe are against him personally, and not against Slabbed New Media, LLC. I have never sued Slabbed New Media over Mr. Handshoe's acts.
13. Attached hereto is a true copy of court records from New Orleans Civil District Court that show that on June 18, 2015, Mr. Handshoe's attorney Connie Sue Montgomery added "Slabbed New Media, LLC" as a party on the docket of the lawsuit against Mr. Handshoe by Daniel Abel. However, having examined the complaint in that proceeding, I can attest that Slabbed New Media is not and never has been a party to that lawsuit.

Sworn to this 24th day of May, 2016 in Yarmouth, Nova Scotia, Canada.

_____
Charles L. Leary

_____
NANCY TYNDALL-B[...], Commissioner of Oaths
Commissioner of The Supreme
Court of Nova Scotia

Exhibit "A"

Home > Whois Lookup > Slabbed.org

## Whois Record for Slabbed.org

This is Exhibit "A" referred to in the affidavit of Charles Leary (sworn/affirmed) before me on May 24th 2016.

Signature: Henry Lyndell Bullrueld

**Related Domains For Sale or At Auction**   1 More >

AllSlabbedUp.com ($799)

### — Whois & Quick Stats

| | |
|---|---|
| Email | earning04@gmail.com |
| Dates | Created on 2010-02-28 - Expires on 2016-02-28 - Updated on 2014-10-03 |
| IP Address | 192.185.5.169 - 501 other sites hosted on this server |
| IP Location | - Ohio - Dayton - Websitewelcome.com |
| ASN | AS20013 CYRUSONE - CyrusOne LLC (registered Mar 14, 2001) |
| Domain Status | Registered And Active Website |
| Whois History | 52 records have been archived since 2010-03-01 |
| IP History | 9 changes on 6 unique IP addresses over 5 years |
| Hosting History | 5 changes on 5 unique name servers over 5 years |
| Whois Server | whois.pir.org |

### — Website

| | |
|---|---|
| Website Title | Slabbed | Alternative New Media for the Gulf South |
| Server Type | nginx/1.8.0 |
| Response Code | 200 |
| SEO Score | 78% |
| Terms | 2367 (Unique: 886, Linked: 544) |
| Images | 4 (Alt tags missing: 1) |
| Links | 138 (Internal: 124, Outbound: 13) |

**Whois Record** ( last updated on 2015-06-17 )

```
Domain ID: D158478989-LROR
Creation Date: 2010-02-28T21:34:00Z
Updated Date: 2014-10-03T15:42:20Z
Registry Expiry Date: 2016-02-28T21:34:00Z
Sponsoring Registrar:GoDaddy.com, LLC (R91-LROR)
Sponsoring Registrar IANA ID: 146
WHOIS Server:
Referral URL:
Domain Status: clientDeleteProhibited -
- http://www.icann.org/epp#clientDeleteProhibited
Domain Status: clientRenewProhibited -
- http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientTransferProhibited -
- http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited -
- http://www.icann.org/epp#clientUpdateProhibited
Registrant ID:CR42965567
Registrant Name:Douglas Handshoe
Registrant Organization:
Registrant Street: Post Office Box 788
Registrant City:Wiggins
Registrant State/Province:Mississippi
Registrant Postal Code:39577
Registrant Country:US
Registrant Phone:+1.2282840004
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: earning04@gmail.com

Admin ID:CR42965569
Admin Name:Douglas Handshoe
Admin Organization:
Admin Street: Post Office Box 788
Admin City:Wiggins
Admin State/Province:Mississippi
Admin Postal Code:39577
Admin Country:US
Admin Phone:+1.2282840004
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: earning04@gmail.com

Tech ID:CR42965568
Tech Name:Douglas Handshoe
Tech Organization:
Tech Street: Post Office Box 788
Tech City:Wiggins
Tech State/Province:Mississippi
Tech Postal Code:39577
Tech Country:US
Tech Phone:+1.2282840004
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: earning04@gmail.com

Name Server:NS8035.HOSTGATOR.COM
Name Server:NS8036.HOSTGATOR.COM
Name Server:
Name Server:
Name Server:
Name Server:
```

: Litigants     Exhibit "B"     Page 1 of 1

---

**Case Number: 2013 - 05029 I - 14**
**ABEL, DANIEL G VERSUS HANDSHOE, DOUGLAS K. ET AL**

| Filed: 5/27/2013 | Type: DEFAMATION | Cat: Paying |
|---|---|---|

Select a Litigant to view details.     Select an Attorney to view details.

PAGE 1 OF 2     ☐ 1 ☐ [2]

| Litigant Name (Last, First) | Type | Counsel |
|---|---|---|
| ABEL, DANIEL G | Plaintiff | Abel, Daniel G |
| HANDSHOE, DOUGLAS K. | Defendant | Montgomery, Connie S |
|  |  | In Proper Person, |
| BALWIN HASPEL BURKE & MEYER, LLC | Defendant |  |
| GLENN, BRODIE | Defendant |  |
| SLABBED NEW MEDIA, LLC | Defendant | Montgomery, Connie S |
| STERBERG, SCOTT | Defendant |  |
| TRUITT, JACK `BOBBY` | Defendant | Truitt, Jack E |
| VANCE, PAUL | Defendant | Vance, Paul N |
| VANDENWEGHE, ANNE MARIE | Defendant | In Proper Person, |

PAGE 1 OF 2     ☐ 1 ☐ [2]

[ CLOSE ]

---

20____    No. _____
This is Exhibit " *B* " referred to
in the affidavit of *Charles Leary*
(sworn/affirmed) before me
on *May 24th*, 20 *16*

*Mary Tyndall Bothwell*
Signature



IN THE COUNTY OF YARMOUTH
PROVINCE OF NOVA SCOTIA

### AFFIDAVIT OF VAUGHN PERRET
Sworn on May 24, 2016

BEFORE ME, came and personally appeared Vaughn J. Perret, a person of the full age of majority and domiciled in East Kemptville, Nova Scotia, who, after being duly sworn, did depose and say:

1. I am a United States citizen domiciled in Nova Scotia, Canada, and a member of Trout Point Lodge, a Nova Scotia limited company registered with the Nova Scotia Registry of Joint Stocks.
2. I have never met Douglas Handshoe and do not know him.
3. Mr. Handshoe has been publishing on his public Internet blog "slabbed" about me, my personal business, and Trout Point Lodge since January, 2010.
4. The statements about me contained in Slabbed New Media's Plan of Reorganization for Slabbed New Media, LLC filed with the U.S. Bankruptcy Court in the Southern District of Mississippi bear no resemblance to the truth. They are false.
5. I have never participated in, or been remotely connected to any "bribery and money-laundering scheme." I have never been in business with Aaron Broussard.
6. I have never had any membership or stake in Nova Scotia Enterprises, LLC, which on information and belief was or is a Louisiana limited liability company.
7. Mr. Handshoe has been publishing utterly false criminal allegations about me and my business for well over four years.
8. Mr. Handshoe's Internet publications have severely damaged my business and my public reputation as someone licensed to practice law, author, hotelier, and entrepreneur.
9. Mr. Handshoe has continued to defame me and publish false injurious publications about me in court pleadings in Mississippi, including in the Bankruptcy Court, which are publicly available documents.
10. I personally own money judgments from Nova Scotia Supreme Court against Douglas Handshoe. I do not collectively own such judgment debts with third parties such as Charles Leary or Trout Point Lodge, Limited. The amounts of these judgment debts are public record in the published court decisions Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62 and Trout Point Lodge Ltd. v. Handshoe, 2012 NSSC 245.
11. All judgments I have against Douglas Handshoe are against him personally, and not against Slabbed New Media, LLC. I have never sued Slabbed New Media over Mr. Handshoe's acts.

Sworn to this 24th day of May, 2016 in Yarmouth, Nova Scotia, Canada.

Vaughn J. Perret

Commissioner of Oaths

NANCY TYNDALL-BULLERWELL
Commissioner of The Supreme
Court of Nova Scotia