B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Southern District of Mississippi

In re    **Slabbed New Media, LLC**
_____

Debtor

Case No. _____**15-50963**_____

Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 48,094.75 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 485,080.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 10 | | | |
| Total Assets | | | 48,094.75 | | |
| Total Liabilities | | | | 485,080.00 | |



**EXHIBIT**

Best Case Bankruptcy

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Southern District of Mississippi

In re    Slabbed New Media, LLC                 Case No.    15-50963
                                Debtor

Chapter        11

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re    **Slabbed New Media, LLC**                                    Case No.    **15-50963**
_____
Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Slabbed New Media, LLC**                                    Case No.    __15-50963__
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash - 110 Hall Street, Wiggins, MS** | - | 94.75 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | 94.75 |
|---|---|---|
|  | (Total of this page) | |

  __2__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Slabbed New Media, LLC** _____ ,  Case No. _____**15-50963**_____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Judgment receivable - USDC, Southern District of Mississippi, Trout Point Lodge, et al. vs. Handshoe; Case No. 1:12cv90 | - | 48,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >  48,000.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Slabbed New Media, LLC**                                          Case No. _____15-50963_____
                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total >   (Total of this page) | 0.00 |
|---|---|---|
|  | Total > | 48,094.75 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com .

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re   **Slabbed New Media, LLC**                                          Case No.   **15-50963**
                                 Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| | | | | | Subtotal (Total of this page) | | | | | |
| 0   continuation sheets attached | | | | | Total (Report on Summary of Schedules) | | | | 0.00 | 0.00 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

B6E (Official Form 6E) (4/13)

In re **Slabbed New Media, LLC**                                                                    Case No. ___**15-50963**___
_____
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                        0   continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Slabbed New Media, LLC**                                    Case No.   **15-50963**
_____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. Chris Young 545 Terrace Street New Orleans, LA 70121-1515 | | - | | | May 28, 2015 Award of Fees - Subject to appeal | X | X | X | Unknown |
| Account No. Montgomery Law Center 1403 West Esplanade Av Kenner, LA 70065 | | - | | | May 2014 - July 2014 | | | | 5,399.48 |
| Account No. Montgomery Law Center 1403 West Esplanade Av Kenner, LA 70065 | | - | | | August 2014 - June 15, 2015 | | X | | 6,600.52 |
| Account No. The Truitt Law Firm 149 N. New Hampshire Covington, LA 70433 | | | | | 2/11/13 Services rendered in 2012 and 2013 | | | | 48,000.00 |

|   |   |   | Subtotal (Total of this page) | 60,000.00 |
|---|---|---|---|---|

  1   continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re  **Slabbed New Media, LLC**                                        Case No. ____**15-50963**____
_____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Tourism Bus. Solutions <br> 2308 Arnold Street <br> Waveland, MS 39576 | | - | June 10, 2015 | | | | 80.00 |
| Account No. xxA 5X9 <br><br> Trout Point Lodge,Ltd, <br> C.Leary & V. Perret <br> 189 Trout Point Road <br> E Kemptville,NS B5A5X9 | | | Foreigh Defamation Judgment:  Services from publisher's indemnity | X | X | X | 425,000.00 |
| Account No. <br><br> | | | | | | | |
| Account No. <br><br> | | | | | | | |
| Account No. <br><br> | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 425,080.00 |
| Total (Report on Summary of Schedules) | 485,080.00 |

B6G (Official Form 6G) (12/07)

In re   **Slabbed New Media, LLC** _____   Case No. ___**15-50963**_____
                                        Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0 _____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re   **Slabbed New Media, LLC**                                          Case No. _____**15-50963**_____
                                                                          Debtor

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Douglas Handshoe**<br>**110 Hall Street**<br>**Wiggins, MS 39577** | **Trout Point Lodge**<br>**C.Leary & V. Perret**<br>**189 Trout Point Road**<br>**E Kemptville, NS**<br>**B5A 5X9** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Southern District of Mississippi

In re   Slabbed New Media, LLC _____

Debtor(s)

Case No.   15-50963 _____

Chapter   11 _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Manager/Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___12___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___7/14/15___

Signature

Douglas Handshoe
cn=Douglas Handshoe, o=Douglas K. Handshoe, CPA, ou, email=dkhcpa@gmail.com, c=US
2015.07.14 17:14:45 -05'00'

**Douglas Handshoe
Manager/Member**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# OPERATING AGREEMENT OF SLABBED NEW MEDIA, LLC

This Operating Agreement of Slabbed New Media, LLC, a Mississippi Limited Liability Company, is adopted and entered into by and between the undersigned Member and the Company pursuant to and in accordance with the Limited Liability Company Laws of the State of Mississippi contained in Title 79, Chapter 29 of the Mississippi Code (1972), as may be amended from time to time.   Terms used in this Agreement which are not otherwise defined shall have the respective meanings given those terms in the Mississippi Limited Liability Company Act.

The parties mutually agree as follows:

## SECTION ONE
### Name of the Limited Liability Company

The name of the Limited Liability Company is Slabbed New Media, LLC.

## SECTION TWO
### Term

The Company shall be dissolved upon the happening of one of the following events to any member: Death, Incurable insanity, Retirement, resignation or expulsion. Nothing herein shall, however, prevent a majority of the remaining Members, if any, from voting to avoid dissolution and the Company may continue its operation if a majority of the remaining Members consent to its continuation within thirty (30) days of any event described above which causes the dissolution of the Company.

## SECTION THREE
### Management

Management of the Company is vested in its Member(s), who will manage the Company in accordance with the Mississippi Limited Liability Company Act and the provisions set forth herein.   Any Member(s) exercising management powers or responsibilities will be deemed to be a Manager, unless the context otherwise requires, and that Member(s) will have and be subject to all of the duties and liabilities of a Manager.   The Member(s) will have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes of the Company set forth in this Agreement, including all powers of Members under the Mississippi Limited Liability Company Act and the provisions set forth herein.

## SECTION FOUR
### Purpose

The purpose of the Company is to engage in any lawful act or activity for which limited liability companies may be formed in the State of Mississippi and to engage in any and all activities necessary or incidental to the Mississippi Limited Liability Company Act.

−1−



EXHIBIT

2

## SECTION FIVE
### Members

The name, number of units of ownership of the Company as well as the business, residence or mailing address of the founding Member is attached as Exhibit A and is incorporated herein as if set forth in full in words and figures and may be updated from time to time as Members may be voted on from time to time and the names of new Members may be attached by addendum.

## SECTION SIX
### Capital Contributions

The Members have the authority to contribute capital to the Company in the form of cash, property.

## SECTION SEVEN
### Additional Capital Contributions

Members may be called upon to make capital contributions by unanimous vote of the units of membership in the Company.   No Member shall be called upon to make capital contributions beyond their pro-rata ownership in the Company.

## SECTION EIGHT
### Allocation of Profits and Losses

The Company's profits and losses will be allocated to each Member based on the units owned by the Member.

## SECTION NINE
### Distributions

Distributions shall be made to the Members at the times and in the aggregate amounts determined by the Members.   Such distributions shall be allocated among the Members as set out herein.

## SECTION TEN
### Withdrawal of Member

A Member may withdraw from the Company in accordance with this Agreement.

## SECTION ELEVEN
### Assignments

A Member may not assign in whole or in part his or her Membership interest in the Company except as provided in this Agreement.

## SECTION TWELVE
### Admission of Additional Members

Additional Members of the Company may be admitted to the Company by a unanimous vote of the members of the Company and the payment for the units of ownership. Said payment amount to be made by a new Member shall be determined by the existing Members prior to such admission.

## SECTION THIRTEEN
### Liability of Members

The Member(s) do not have any liability for the obligations or liabilities of the Company beyond the Member's contributions to the capital of the Company based upon the member's percentage of ownership.

A Member exercising management powers or responsibilities for or on behalf of the Company will not have personal liability to the Company or its Members for damages for any breach of duty in that capacity, provided that nothing in this Section shall eliminate or limit: (a) the liability of any Member-Manager if a judgment or other final adjudication adverse to him or her established that his or her acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law, or that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled, or that, with respect to a distribution to Members, his or her acts were not performed in accordance with law, (b) the liability of any Member-Manager for any acts or omission prior to the date of creation of Slabbed New Media, LLC.

## SECTION FOURTEEN
### Expulsion of Members

Upon a (75%) vote of the Membership units present and voting in the Company, the Company shall have the right to acquire, from any Member, such portion or all of his or her interest in the Company at such price and on such terms as stated herein, and the value of each unit of the Company shall be based on the total value of the Company divided by the total number of units in the Company, with the total value of the Company to be based upon an independent appraisal by a certified appraiser selected by a majority vote of the units of ownership.

The Company shall assume the expelled Member's pro-rata share of the debts and liabilities of the Company; and the proceeds due the expelled Member shall be reduced by the pro-rata share of the debts and liabilities of the Company.

The ownership will be based on BOOK VALUE not a multiple of EBITDA (Earnings before interest, Taxes, Depreciation, and Amortization). The Company shall assume the expelled Member's pro rata share of the debts and liabilities of the company; and the proceeds due the expelled member shall be reduced by the pro rata share of the debts and liabilities of the company. Payment will be quarterly paid over 3 years.

−3−

## SECTION FIFTEEN
### Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of Mississippi.

## SECTION SIXTEEN
### Indemnification

To the fullest extent permitted by law, the Company shall indemnify and hold harmless, and may advance expenses to, any member, manager or other person, or any testator or intestate of such member, manager or other person, from and against any and all claims and demands whatsoever; provided, however, that no indemnification may be made to or on behalf of any Indemnity if a judgment or other final adjudication adverse to such Indemnity established: (a) that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated, or (b) that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled. The provisions of this section shall continue to afford protection to each indemnity regardless of whether he or she remains a member, manager, employee or agent of the Company

## SECTION SEVENTEEN
### Tax Matters

The Members of the Company and the Company intend that the Company be treated as a partnership for income tax purposes if there is more than one member, and will file all necessary and appropriate forms in furtherance of that position.

## SECTION EIGHTEEN
### Meetings

Meetings of the Member(s) of the Company may be held on any day, upon the call of any Member.

## SECTION NINETEEN
### Voting

In all matters, each Member shall be entitled to one (1) vote for each unit of ownership held by such Member, and every reference in this Agreement to "majority of members" or majority of membership vote" shall mean "majority of units of ownership". Unless otherwise specified, all decisions will require a majority of the voting shares.

## SECTION TWENTY
### Value

A.     Value of Units of Membership - The value of units of Membership in the Company shall be arrived at by agreement of the ownership by a majority of the Membership units of the Company or by determining each Member's equity in the Company. The term "Member's

-4-

Equity" shall mean the entire equity section of the Company's balance sheet determined on the accrual basis of accounting in accordance with generally accepted accounting principles; provided, however, that if any amounts are not accurately determinable, on the application date, a reasonable estimated amount for such other items shall be mutually agreed upon by the parties; or, if no agreement can be reached, the items not agreed upon shall be determined by an independent accountant who is mutually acceptable to the members.   The determination of the aforementioned independent accountant shall be conclusive.

B.   Purchase Price - The purchase price for a Membership unit of the Company's Membership units shall be determined by an agreed upon base price or the fair market value of the Company determined by an appraisal of the Company by an appraiser approved by a majority vote of the Members.   The agreed upon base price for a Membership unit of the Company's Membership units shall be the agreed upon total fair market value of the Company as determined hereinabove, divided by the total number of issued and outstanding Membership units of the Company unless another method is adopted by a majority vote of the Membership units of the Company.

## SECTION TWENTY-ONE
### Quorum

A quorum at all meetings shall consist of a majority of the outstanding Membership units.

## SECTION TWENTY-TWO
### Restriction

Each Member agrees that he or she will not, without the prior written consent of all other members, transfer, assign, sell, give, pledge, hypothecate or otherwise encumber any of his or her Membership units in the Company, and any attempt to do any of the foregoing without prior written consent of all of the other members shall be null and void and of no effect.

## SECTION TWENTY-THREE
### Transfers During Lifetime

If during a Member's lifetime, a Member (hereinafter referred to as "Selling Member") should desire to sell, give, assign, pledge or otherwise transfer, encumber or dispose of all or any part of his or her Membership units in the Company, then such Membership units shall be subject to the option set forth herein.   A Selling Member must give written notification to the Company of his or her intention to transfer or encumber his or her Membership units in the Company; however, unanimous consent of all outstanding units in the Company shall be required for approval prior to any transfer or encumbrance of such Membership units.   As a part of the notification to the Company, the notification shall indicate the number of such Membership units that the Selling Member intends to transfer or encumber and all other material details of such transaction.   The option period herein shall begin on the date that all of the parties hereto have received the Selling Member's written notification of his or her intention to transfer or encumber his or her Membership units in the Company as set forth above.   If the option stated herein is exercised, the Selling Member shall be required to dispose of his or her Membership units pursuant to such option and the terms of this Agreement.

## SECTION TWENTY-FOUR
### Transfers at Death

Upon the death of a member, all of the Deceased Member's membership units in the Company shall be subject to Section Twenty-Five of this Agreement. The Deceased Member's executor, administrator, or personal representative shall be required to dispose of the Deceased Member's Membership pursuant to such option and the terms of this agreement. The option period shall begin on the date of the qualification of an executor, administrator or other personal representative for the Deceased Member's estate.

## SECTION TWENTY-FIVE
### Requirement of Option

The Membership of a Selling member for which he or she has expressed his or her intention to transfer or encumber as referred to herein and the Membership units of a Deceased member as referred to herein, shall be subject to the option to purchase set forth below:

(a)     Option Period.   During their lifetimes, the remaining members shall each have the right to purchase a portion of the Selling or Deceased Member's membership units in the Company pro-rata to such Member's percentage of ownership in the Company. Each Member shall have either a period of thirty (30) days after notification of an intent to sell, transfer or encumber as set forth herein or a period of one hundred eighty (180) days after qualification of an executor, administrator or personal representative as set forth herein, to give notice to the Company of their intention to purchase all or any part of their allocable portion of the aforementioned membership units. If any Member does not exercise his or her right to purchase all of his or her pro-rata portion of the aforementioned membership units, then those persons who have exercised their right to purchase all of their pro-rata portion of the aforementioned membership units shall have the right to purchase all equal portion of such remaining membership units and shall have a period of ten (10) days after the expiration of either of the aforementioned thirty (30) or ninety (90) day period to give notice to the Company of their intention to purchase their allocable portion of such remaining membership units.

(b)     Member Unit Ownership Determination.   Membership unit ownership for purposes of the computations provided herein shall be determined as of the following applicable date: (I) the date of the Selling Member's first written notification to the parties to this agreement of his or her intention to transfer or encumber; or (II) the date of death of a Deceased Member.

(c)     Price and Terms of Sale.     Any purchase of the Selling or Deceased Member's membership units pursuant to the option granted above shall be at the price and on the terms determined in accordance with the language stated herein.

(d)     Transferred Membership Units Subject to this Agreement.     Any membership units of the Company purchased under the option granted in this paragraph shall be subject to the terms and conditions of this agreement and any membership unit certificate issued in accordance with such sale shall be endorsed as specified in this agreement.

(e)    Notification of Intention to Exercise Option.    If any Member desires to exercise his or her option to purchase any of the membership units of the Selling or Deceased Member as stated herein, then he or she shall provide the Company with written notification of his or her intention to purchase within the applicable thirty (30) or ninety (90) day time period provided herein.   If after the expiration of the applicable time period, any membership units of the Selling or Deceased Member is available for the purchase by the remaining members set forth herein, then the Company shall give such parties written notice of the availability of such membership units on the first business day after the expiration of the applicable period provided for herein.   Any written notification of intention to purchase pursuant to this provision shall set forth the price per membership unit and number of membership units for which the option is being exercised.   Any written notification pursuant to this provision shall be postmarked no later than midnight of the day upon which the respective option period expires.

(f)    Closing Date.    The closing date for the purchase of any membership unit pursuant to the option granted above shall be no later than thirty (30) days after the expiration of the respective option period granted unto them, unless the parties otherwise mutually agree.

(g)    Member's Rights, Duties and Obligations.    With respect to any membership units of the Company subject to the option set forth herein, the Selling member of the Deceased Member's estate shall continue to have all of the rights, duties and obligations of a member until the time when cash/and or installment notes are tendered in payment of such member units at close pursuant to the provisions herein.

## SECTION TWENTY-SIX
### Purchase Price

The purchase price of Membership in the Company shall be determined as set forth in Section Twenty hereof unless otherwise set by agreement between all members in the Company.

## SECTION TWENTY-SEVEN
### Liquidation

Upon the dissolution or termination of the Company, the members shall proceed with the liquidation of the Company and sale of its assets.  The proceeds of such liquidation shall be applied and distributed in the following order of priority:

(a)    To the payment of the debts and liabilities of the Company (other than any loans or advances that may have been made by the members to the Company) and expenses of liquidation;

(b)    To the payment of any loans or advances made to or for the benefit of the Company by a Member; however, should the remaining balance of the liquidation proceeds be less than the outstanding balance of loans from Members, each Member shall receive his or her pro-rata share of the balance of Company loans from Members and/or for any compensation owed to any of the Members (i.e., for example, if Member A was owed $2,000 for loans to the Company and unpaid compensation, and Member B was owed $1,000 for loans to the Company, and the amount available to distribute to them was $600, then Member A would received $400 (2/3 of $600) and Member B would receive $200 (1/3 of $600));

(c)  To the setting up of any reserves which the members may deem reasonably necessary in order to meet any contingent or unforeseen liabilities or obligations of the Company arising out of, or in connection with, the business of the Company. Said reserves shall be paid over by the members to any financial institution, as escrow agent, with trust authority in the county in which the principal accounting records of the Company have been maintained in order to be held by it for the purpose of disbursing such reserves in payment of any of the aforementioned contingencies or liabilities; and at the expiration of such period as the members shall deem advisable, the financial institution shall distribute the balance remaining in the manner provided herein and in the order named above; and

(d)  Pro-rata to each Member based upon his or her ownership interest in the Company.

When all of the acts provided for herein have been accomplished, the Members shall file such Articles of Dissolution and perform any other acts necessary or convenient to dissolve the Company pursuant to the Mississippi Limited Liability Company Act, as amended.

## SECTION TWENTY-EIGHT
### Full Cooperation in Transfer of Membership Units

Whenever any membership units are sold pursuant to this Agreement, the Selling member or legal representative of a Deceased member's estate shall affix to the certificate of membership units any necessary documentary stamps and shall execute and deliver all necessary documents that may be reasonably required for accomplishing and effectuating a complete transfer of such membership units for the purpose of the purchase transaction.

## SECTION TWENTY-NINE
### Binding Effect

This Agreement shall be binding on all of the parties and their heirs, legatees, executors, administrators, successors, donees and assigns, and on any person to whom any of the membership units of the Company is transferred in violation of the provisions of this Agreement and the heirs, legatees, executors, administrators, successors and assigns of such person.

## SECTION THIRTY
### Separability

If any provision of this Agreement is held invalid, such invalidity shall not affect the validity or enforcement of the remaining provisions herein.

## SECTION THIRTY-ONE
### Whole Agreement

This Agreement sets forth the entire understanding of the parties, and it may not be changed except as provided herein.

--8--

## SECTION THIRTY-TWO
### Management

A.    <u>Management of Company</u>.    The business of the Company shall be managed by its Members or a manager or managers if elected on a majority vote of the Members. The Company shall have the right to remove any manager appointed by the Members upon majority vote of the membership units.

B.    <u>Compensation for Management</u>.    The compensation for management of the Company shall be determined by a majority vote of the Members.

C.    <u>Good Faith</u>.    In carrying out their duties hereunder, the Manager and any member acting on behalf of the Company shall not be liable to the Company not to any other Member for their good faith actions or failure to act, nor for any errors of judgment, nor for any act or omission believed in good faith to be within the scope of authority conferred by this Agreement, but only for their own willful or fraudulent misconduct in the performance of their obligations under this Agreement, or for gross negligence or willful breach of their fiduciary duties under this Agreement. The receipt of advice of counsel that certain acts and omissions are within the scope of authority conferred by this Agreement shall be conclusive evidence of good faith; however, good faith may be determined without obtaining such legal advice.

## SECTION THIRTY-THREE
### Amendment

At any regularly scheduled meeting or any called meeting, upon (90%) vote of the membership units present and voting in the Company, this Agreement may be altered, amended, or modified.

## SECTION THIRTY-FOUR
### Multiple Counterparts

This Agreement may be executed simultaneously in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute but one and the same instrument.

## SECTION THIRTY-FIVE
### Principal Place of Business

The location of the principal place of business of the Company shall be 110 Hall Street, Wiggins, MS 39577. The Members may change the principal place of business and establish additional places of business as they deem necessary or desirable to conduct the business of the Company.

–9–

## SECTION THIRTY-SIX
### Registered Agent and Office

The Registered Agent of the Company for the service of process is Douglas Handshoe Rhodes, and the Registered Agent's mailing address is 110 Hall Street, Wiggins, MS 39577. The members may designate a different Registered Agent and office of the Company as they deem necessary from time to time.

IN WITNESS OF WHICH, the undersigned have duly executed this Agreement as of the 8th day of April, 2011.

_____

Douglas Handshoe, Sole Member

Witnessed By:

_____

## EXHIBIT A

I:  Members, Units of Ownership and Compensation, and Terms.

Sole Member on Formation

Douglas Handshoe
110 Hall Street
Wiggins, MS 39577
1000 membership units of 1000 membership units issued and outstanding