## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     SLABBED NEW MEDIA, LLC                 CHAPTER 11
            Debtor                                            CASE NO. 15-50963-KMS

### CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or U.S. Mail, postage prepaid, a true and correct copy of the *Order Fixing the Time for Filing Objections to the Second Amended Disclosure Statement, Combined with Notice Therefore and of the Hearing on Final Approval of the Second Amended Disclosure Statement and the Continuation of the Hearing on Confirmation of the Plan* [DK #104], a *Ballot* form, the *Second Amended Disclosure Statement* [DK #101], and the proposed *Plan of Reorganization* [DK #72] (copies of which are attached hereto as collective Exhibit "A") to all creditors and parties-in-interest as listed on the matrix on file with the Clerk of the Court (a copy of which is attached hereto as Exhibit "B").

THIS, the 15th day of June, 2016.

                                                                 /s/ *Craig M. Geno*
                                                                  Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile



SO ORDERED,

Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: June 14, 2016

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

SLABBED NEW MEDIA, LLC                    CASE NO. 15-50963-KMS

DEBTOR.                                    CHAPTER 11

**ORDER FIXING THE TIME FOR FILING OBJECTIONS TO THE SECOND AMENDED DISCLOSURE STATEMENT, COMBINED WITH NOTICE THEREFORE AND OF THE HEARING ON FINAL APPROVAL OF THE SECOND AMENDED DISCLOSURE STATEMENT AND THE CONTINUATION OF THE HEARING <u>ON CONFIRMATION OF THE PLAN</u>**

A second amended disclosure statement under Chapter 11 of the Bankruptcy Code (Dkt. #101) having been filed by Debtor's Attorney on June 13, 2016 with respect to a plan under chapter 11 of the Code (Dkt. #72) filed by Debtor's Attorney on April 26, 2016; and the debtor being a small business debtor:

IT IS ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:

A. Within one (1) day after the entry of this order, the proponent's attorney shall cause to be mailed to creditors, equity security holders, other parties in interest, and the United States trustee a copy of the following:

- This order;
- The second amended disclosure statement filed June 13, 2016;
- The proposed plan of reorganization filed April 26, 2016.

B. After completion of the above mailing, the proponent's attorney shall immediately file a Certificate of Service with the Court, listing the names and addresses of each party served.

C. July 7, 2016 at 2:30 P.M., in the Bankruptcy Courtroom, 7th Floor, Dan M. Russell, Jr. Courthouse, 2012 15th Street, Gulfport, Mississippi, is fixed for the hearing on final approval of the second amended disclosure statement (if a written objection has been timely filed) and for the continued hearing on the confirmation of plan.



D. June 30, 2016 is fixed as the last day for filing and serving written objections to the second amended disclosure statement and confirmation of the plan.

##END OF ORDER##

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        SLABBED NEW MEDIA, LLC                              CHAPTER 11
              Debtor                                              CASE NO. 15-50963-KMS

## *BALLOT FOR ACCEPTING OR REJECTING PLAN*

*The Debtor herein has filed its Plan of Reorganization* [DK # 72] *in this case. The Court has approved the Second Amended Disclosure Statement* [DK # 101] *with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. Copies of the Plan and Disclosure Statement are attached. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.*

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.*

*The Plan referred to in this ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of §1129(b) of the Code. To have your vote count you must complete and return this ballot.*

*If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.*

### ACCEPTANCE OR REJECTION OF THE PLAN

*(If holder of secured, priority or unsecured nonpriority claim)*
**The undersigned, the holder of a Class [  ] claim against the Debtor in the principal amount of $_____.**

*(If holder of a bond, debenture, or other debt security)*
**The undersigned, the holder of a Class [  ] claim against the Debtor, consisting of the unpaid principal amount of $_____ of (describe security) _____ of the above-named Debtor. (For the purposes of this Ballot, it is not necessary and you should not adjust the principal amount for any accrued or unmatured interest.)**

*(If equity security holder)*
**The undersigned, the holder of Class [  [ equity interest in the Debtor, consisting of _____ shares or other interest of (describe type) _____ in the Debtor.**

            *(Check one box only)*

            [  ]    **ACCEPTS THE PLAN**

            [  ]    **REJECTS THE PLAN**

*The Plan for the reorganization of the above-named debtor is proposed by the Law Offices of Craig M. Geno, PLLC, on behalf of Debtor.*

Dated:_____          **Print or type name:**_____
                                         **Signed:**_____
                                         **(If appropriate) By:**_____
                                         **as:**_____
                                         **Address:**_____
                                                 _____

*Return this ballot on or before* **June 30, 2016,** *to:*     *Craig M. Geno, Esq.*
                                                              *Law Offices of Craig M. Geno, PLLC*
                                                              *587 Highland Colony Parkway*
                                                              *Ridgeland, MS 39157*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: SLABBED NEW MEDIA, LLC     CHAPTER 11
Debtor     CASE NO. 15-50963-KMS

## SECOND AMENDED DISCLOSURE STATEMENT

Slabbed New Media, LLC (the "Debtor" or the "Debtor-in-Possession") filed a Voluntary Petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Mississippi on June 16, 2015 (the "Petition Date").

At the hearing on approval of the initial Disclosure Statement and the Plan of Reorganization, the Court directed the Debtor to amend its Disclosure Statement, and its Plan, to describe, with specificity, claims asserted, or to be asserted, by the Debtor and to amend its Schedules accordingly.

This Second Amended Disclosure Statement is designed to accomplish just that - a description of the claims asserted, or to be asserted, by the Debtor as well as amendments to the Plan and its Schedules to reflect ownership of its domain name. The claims and causes of action are described below in a description of cases 1 through 4.

### Case 1 - *Yount vs Slabbed New Media, et al.*

In this case, the Debtor asserted counterclaims before the Petition Date. The counterclaims against Plaintiff Yount deal with the collateral attack on the $48,000.00 attorney's fee award involving the entity known as "Trout Point". It is on point to the judgment receivable number in the Slabbed New Media financials as well as the account payable to Bobby Truitt, counsel to the Debtor. The reconventional demand in the Yount case has been asserted.

Page 1 of 4

### Case 2 - *Handshoe vs Vaughn Perret, Charles Leary, Trout Point Lodge, National Geographic Society, et al*

In this case, Doug Handshoe is suing in his capacity as a publisher. These claims have been asserted pursuant to 17 U.S.C. § 512, to gather the claims for a civil conspiracy. The Debtor reserves the right to assert its claims against the same Defendants arising out of the takedown notices and 17 U.S.C. § 512 sent by Leary, Perret, Trout Point, National Geographic Society as well as others.

### Case 3 - *Vaughn Perret, et al vs Handshoe*

A hearing is scheduled on June 23, 2016, in this case in Circuit Court. Claim 2's damages could be impacted by whether or not the Circuit Court allows the foreign copyright infringement judgment to be enrolled. If the judgment is enrolled, the damages could increase by a figure of $180,000.00. These are also abuse of process claims against Leary, Perret, Yount and Trout Point for breaking the seal of the file in Yount and commissioned to the United States District Court in Gulfport in Case No. 12CV90. Trout Point admitted in a Brief filed with the Court of Appeals of Louisiana, it had obtained sealed documents in Yount and was responding to them despite the fact it was not a party to the case and the file was sealed. Trout Point used sealed documents from Yount to file a Motion in District Court in the original SPEPC Act case No. 12-cv-90 against Bobby Truitt and Gerald Cruthruid. Claims are not yet asserted by the Debtor.

Page 2 of 4

### Case 4 - *Handshoe vs Broussard, et al*

There are racketeering claims against Broussard, Abel, Leary, Perret and certain John Doe's in the Circuit Court case filed *Handshoe vs Broussard*. These claims are not yet asserted by the Debtor.

The above claims that are pursued, post-confirmation, will be for the benefit of creditors in the order priority established by the Bankruptcy Code.

### ASSETS OF THE DEBTOR

In addition to the assets described above, and those described within its Schedules, the Debtor also owns its domain name "Slabbed.org".

Except as specifically amended herein, the original Disclosure Statement remains intact and unaltered.

This, the 13th day of June, 2016.

Respectfully submitted,

SLABBED NEW MEDIA, LLC

By Its Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: /s/ *Craig M. Geno*
     Craig M. Geno

Page 3 of 4

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile

### CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.j.steiskal@usdoj.gov

THIS, the 13th day of June, 2016.

/s/ *Craig M. Geno*
Craig M. Geno

Page 4 of 4

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  SLABBED NEW MEDIA, LLC           CHAPTER 11
        Debtor                           CASE NO. 15-50963-KMS

## PLAN OF REORGANIZATION

Unless otherwise defined, the capitalized terms contained in this Plan of Reorganization (the "Plan") shall have the same meanings as described in the Disclosure Statement. All capitalized terms used in the Plan not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in the Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

### ARTICLE I

#### Classification and Treatment of Claims and Interests

The Plan divides the Claims against and Interests in the Debtor into various Classes pursuant to Bankruptcy Code Section 1122. Set forth below is a description of the general Classes of Claims against and Interests in the Debtor and their treatment under the Plan. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of the Class and is classified in a different Class to the extent that the Claim or Interest qualifies within the description of that different Class.

The Debtor classifies Claims in the following Classes:

Class 1:    Administrative Claims

Page 1 of 7

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code. The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court. The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

Class 2:    Priority Claims

Priority claims, if any, will be paid within sixty (60) months from the date of the filing of the petition herein.

Class 3:    General, Unsecured Creditors

The unsecured creditors in this case will receive the net sales proceeds after payment of administrative and priority claims.

Class 4:    Equity Interest

The existing equity security interest holder will maintain and retain his equity security interests in and to the Debtor.

### ARTICLE III

#### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Page 2 of 7

On the Effective Date, each executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation with the approval of the Court shall be deemed rejected. Claims created by the rejection of any executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order Confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor. All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under the Plan as General, Unsecured Claims (Class 3) under the Plan. All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.

### ARTICLE IV

#### CLOSING DATE

The Closing Date shall be one hundred and twenty (120) days after Confirmation of the Plan, or at such other date as the Plan or the Order Confirming the Plan. The Effective Date of the Plan shall be ninety (90) days after the Order confirming the Plan becomes final and non-appealable.

### ARTICLE V

#### MEANS FOR EXECUTION OF THE PLAN

The Debtor's means of execution of the Plan will be achieved by claims resolution. The Debtor is involved in multiple lawsuits that should provide a means of resolution of all claims in the bankruptcy case. The Debtor plans to fund the Plan by the resolution of these claims.

### ARTICLE VI

#### RATIFICATION OF THE PLAN

Page 3 of 7

Alterations or modifications of the Plan may be approved by the Court without notice to Creditors if the Court finds that such alterations or modifications do not materially or adversely affect the interests of the Creditors. If any alterations or modifications of the Plan are proposed which Court finds to materially or adversely effect the interest of Creditors, notice and description of such alteration of modification shall be given to all Creditors adversely affected.

### ARTICLE VII

#### INVALIDATION OF LIENS AND DISCHARGE

All liens securing Claims which are not Allowed pursuant to the provisions of the Plan or Bankruptcy Code Sections 502 and 506 shall be invalidated and deemed null and void and of no further force and effect. The provisions of the confirmed Plan shall bind all Creditors and parties in interest, whether or not they accept the Plan and shall discharge the Debtor, and all persons, corporations or other entities who may be liable to any creditor in this case for debts of the Debtor from all claims that arose prior to Confirmation. The distributions provide under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Interests regarding any of the Debtor's assets or properties, including Claims arising after the date of filing of the Petition and prior to Confirmation. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on or after Confirmation, all Holders of Claims or Interests shall be precluded from asserting any Claim against the Debtor or its assets or properties, or against any other person, corporation or entity who may be liable to any creditor in this case for debts of the Debtor.

### ARTICLE VIII

#### REVESTING OF PROPERTY

Page 4 of 7

Except as otherwise provided herein, property of the Debtor shall revest in the Reorganized Debtor on the Effective Date. Subsequent to the Effective Date, the Reorganized Debtor may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

## ARTICLE IX
### UNITED STATES TRUSTEE'S FEES

The Debtor shall timely pay to the United States Trustee any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall timely submit to the United States Trustee post-confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

## ARTICLE X
### JURISDICTION OF THE COURT

The Court shall retain jurisdiction until the Plan has been fully consummated including, but not limited to, the following purposes:

1. Determination of all questions and disputes regarding title to the assets of the Debtor's estate and determination of all causes of action, controversies, disputes and conflicts, whether or not subject to action pending as of the Confirmation date, between the Debtor and any party, including, but not limited to, the right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

---

2. The correction of any defect, curing of any omission, or reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

3. Enforcement, modification or interpretation of the terms and the conditions of the Plan to the extent of appropriate under the Bankruptcy Rules and Title 11 of the United States Code.

4. Entry of any Order, including injunctions, necessary to enforce the title, rights and powers as the Court may deem necessary.

5. Entry of an Order concluding and terminating this Case upon completion of this provisions.

THIS, the 26th day of April, 2016.

Respectfully submitted,

SLABBED NEW MEDIA, LLC

By Its Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
      Jarret P. Nichols

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile

---

### CERTIFICATE OF SERVICE

I, Jarret P. Nichols, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.j.steiskal@usdoj.gov

THIS, the 26th day of April, 2016.

_____
Jarret P. Nichols

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0538-6<br>Case 15-50963-KMS<br>Southern District of Mississippi<br>Gulfport-6 Divisional Office<br>Wed Jun 15 14:53:49 CDT 2016 | Slabbed New Media, LLC<br>Post Office Box 788<br>Wiggins, MS 39577-0788 | U.S. Bankruptcy Court<br>Dan M. Russell, Jr. U.S. Courthouse<br>2012 15th Street, Suite 244<br>Gulfport, MS 39501-2036 |
| Chris E. Yount<br>545 Terrace Street<br>Jefferson, LA 70121-1515 | Connie S. Montgomery<br>Montgomery Law Center<br>1403 West Esplanade Avenue<br>Kenner, Louisiana 70065-2850 | Daniel G. Abel<br>Daniel G. Abel, Inc.<br>2421 Clearview Pwy, Suite 106<br>Metairie, LA 70001-1239 |
| Douglas Handshoe<br>110 Hall Street<br>Wiggins, MS 39577-2623 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>c/o United States Attorney<br>1575 20th Avenue, 2nd Floor<br>Gulfport, MS 39501-2040 |
| Jack E. "Bobby" Truitt<br>The Truitt Law Firm, LLC<br>149 North New Hampshire Street<br>Covington, LA 70433-3235 | (p)MISSISSIPPI STATE TAX COMMISSION<br>P O BOX 22808<br>JACKSON MS 39225-2808 | Tourism Business Solutions<br>2308 Arnold Street<br>Waveland, MS 39576-2643 |
| Trout Point Lodge,<br>Vaughn Perret and Charles Leary<br>189 Trout Point Road<br>East Kemptville, NS<br>Canada B5A 5X9 | U.S. Securities and Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, Suite 900<br>Atlanta, GA 30326-1382 | U.S. Securities and Exchange Commission<br>c/o United States U.S. Attorney<br>1575 20th Avenue, 2nd Floor<br>Gulfport, MS 39501-2040 |
| United States Trustee<br>501 East Court Street<br>Suite 6-430<br>Jackson, MS 39201-5028 | Charles Leary<br>2421 Clearview Parkway<br>Metairie, LA 70001-1239 | Craig M. Geno<br>Law Offices of Craig M. Geno, PLLC<br>587 Highland Colony Pkwy.<br>Ridgeland, MS 39157-8784 |
| Daniel G. Abel<br>2421 Clearview Parkway<br>Metairie, LA 70001-1239 | Jarret P. Nichols<br>Law Offices of Craig M. Geno, PLLC<br>Post Office Box 3380<br>Ridgeland, MS 39158-3380 | Vaughn Perret<br>2421 Clearview Parkway<br>Metairie, LA 70001-1239 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | MS State Tax Commission<br>Bankruptcy Section<br>P.O. Box 23338<br>Jackson, MS 39225 | End of Label Matrix<br>Mailable recipients   20<br>Bypassed recipients    0<br>Total                 20 |



EXHIBIT "B"