United States Bankruptcy Court
Southern District of Mississippi

In re:  
Slabbed New Media, LLC  
     Debtor

Case No. 15-50963-KMS  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0538-6     User: wwatson     Page 1 of 1     Date Rcvd: Jun 24, 2016  
                           Form ID: pdf012     Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 26, 2016.

```
dbpos          +Slabbed New Media, LLC,    Post Office Box 788,    Wiggins, MS 39577-0788
cr              Charles Leary,    140 Trout Point Road,    E. Kemptville, Nova Scotia B5A 5X9,    CANADA
cr             +Daniel G. Abel,    2421 Clearview Parkway,    Metairie, LA 70001-1239
cr             +Vaughn Perret,    140 Trout Point Road,    E. Kemptville, Nova Scotia B5A 5X9,    CANADA
4127245        +Charles Leary,    2421 Clearview Parkway,    Metairie, LA 70001-1239
3954918        #Chris E. Yount,    545 Terrace Street,    Jefferson, LA 70121-1515
3954914        +Connie S. Montgomery,    Montgomery Law Center,    1403 West Esplanade Avenue,
                 Kenner, Louisiana 70065-2850
3954913        +Daniel G. Abel,    Daniel G. Abel, Inc.,    2421 Clearview Pwy, Suite 106,
                 Metairie, LA 70001-1239
3966946        +Douglas Handshoe,    110 Hall Street,    Wiggins, MS 39577-2623
3954944        +Internal Revenue Service,    c/o United States Attorney,    1575 20th Avenue, 2nd Floor,
                 Gulfport, MS 39501-2040
3954917        +Jack E. "Bobby" Truitt,    The Truitt Law Firm, LLC,    149 North New Hampshire Street,
                 Covington, LA 70433-3235
3954915        +Tourism Business Solutions,    2308 Arnold Street,    Waveland, MS 39576-2643
3954916         Trout Point Lodge,,    Vaughn Perret and Charles Leary,    189 Trout Point Road,
                 East Kemptville, NS,    Canada B5A 5X9
3954945        +U.S. Securities and Exchange Commission,    c/o United States U.S. Attorney,
                 1575 20th Avenue, 2nd Floor,    Gulfport, MS 39501-2040
4127246        +Vaughn Perret,    2421 Clearview Parkway,    Metairie, LA 70001-1239
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
3954943         E-mail/Text: cio.bncmail@irs.gov Jun 24 2016 20:02:51     Internal Revenue Service,
                 P.O. Box 21126,    Philadelphia, PA 19114
3954942         E-mail/Text: BANKRUPTCY@DOR.MS.GOV Jun 24 2016 20:02:57     MS State Tax Commission,
                 Bankruptcy Section,    P.O. Box 23338,    Jackson, MS 39225
3954941         E-mail/Text: atlreorg@sec.gov Jun 24 2016 20:02:55     U.S. Securities and Exchange Commission,
                 Office of Reorganization,    950 East Paces Ferry Road, Suite 900,    Atlanta, GA 30326-1382
                                                                                               TOTAL: 3
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2016                                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 24, 2016 at the address(es) listed below:

```
              Christopher J. Steiskal, Sr.    on behalf of U.S. Trustee    United States Trustee
               christopher.j.steiskal@usdoj.gov,    lois.e.walker@usdoj.gov;sarita.dukes@usdoj.gov
              Craig M. Geno    on behalf of Debtor In Possession    Slabbed New Media, LLC cmgeno@cmgenolaw.com,
               bpritchard@cmgenolaw.com;jnichols@cmgenolaw.com;jshaw@cmgenolaw.com;runner@cmgenolaw.com;bpritcha
               rd@ecf.courtdrive.com
              Jarret P. Nichols    on behalf of Debtor In Possession    Slabbed New Media, LLC
               jnichols@cmgenolaw.com,
               cmgeno@cmgenolaw.com;bpritchard@cmgenolaw.com;htrammell@cmgenolaw.com;jshaw@cmgenolaw.com;runner@
               cmgenolaw.com
              United States Trustee    USTPRegion05.JA.ECF@usdoj.gov
                                                                                               TOTAL: 4
```

_____

SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 24, 2016**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE: SLABBED NEW MEDIA, LLC**                          **CASE NO. 15-50963-KMS**

**DEBTOR**                                                 **CHAPTER 11**

### ORDER EXTENDING TIME FOR FILING OBJECTIONS TO AMENDED DISCLOSURE STATEMENT AND EXTENDING TIME FOR CONFIRMATION PURSUANT TO 11 U.S.C. §§ 1129(e) AND 1121(e)(3)

On June 22, 2016, Charles Leary and Vaughn Perret filed their Motion Re: Names and Addresses Incorrectly Entered by Debtor and for Additional Time under Rule 2002(p). (Dkt. No. 107). The motion will be set for hearing by separate notice. Although the Court finds based on their motion that the movants have received actual notice of the Debtor's Second Amended Disclosure Statement (Dkt. No. 101), the Court finds that the time period for objections to the Second Amended Disclosure Statement should be extended to July 21, 2016. The Court further finds that the hearing on final approval of the Second Amended Disclosure Statement and on Confirmation of the Debtor's Plan of Reorganization (Dkt. No. 72), currently set for July 7, 2016, should be moved to July 28, 2016. The Court finds that the time for confirmation of the plan as set out in 11 U.S.C. § 1129(e)[1] should be extended in accordance with § 1121(e)(3)[2] to

---

[1] Section 1129(e) provides that "[i]n a small business case, the court shall confirm a plan that complies with the applicable provisions of this title … not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." 11 U.S.C. § 1129(e). The Voluntary Petition filed by the Debtor indicates that the Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). (Dkt. No. 1).

Page **1** of **2**

July 28, 2016, there having been demonstrated by a preponderance of the evidence that it is more likely than not that the plan may be confirmed by the Court within a reasonable period of time.

**IT IS THEREFORE ORDERED** that objections to the Debtor's Second Amended Disclosure Statement shall be filed by July 21, 2016.

**IT IS FURTHER ORDERED** that the time for confirmation of the Debtor's Plan of Reorganization is extended to July 28, 2016.

##END OF ORDER##

---

[2] Under § 1121(e)(3):

> the time fixed in §1129(e) within which the plan shall be confirmed, may be extended only if—
> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
> (B) a new deadline is imposed at the time the extension is granted; and
> (C) the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3).